# (March 20, 1956)

■ ADELE HIRSCH, Individually and as Administratrix of the Estate of WALTER HIRSCH, Deceased, Respondent, v. WORKMEN'S COMPENSATION BOARD OF THE STATE OF NEW YORK, Appellant, and GLOBE ESTATES, INC., et al., Respondents.

*Per Curiam.* This is an appeal from an order denying a motion made by defendant, Workmen's Compensation Board of the State of New York, to dismiss the complaint in an action for a declaratory judgment.

It should be stated that the problem posed arises because, coincidentally, the same insurance company provides the coverage for both public liability and workmen's compensation.

The plaintiff, whose husband was killed as the result of an accident at his place of employment, filed a claim for compensation and also commenced a third-party action to recover damages for the death of her husband. The widow has received continuing death benefits as the result of a compensation award, amounting to $4,326. The relief sought in the complaint before us is

essentially a judgment to determine whether the proposed settlement of · the third-party action agreed upon by the widow and the liability carrier can be consummated without the consent of the same carrier under its workmen's compensation policy.

In order to avoid a possible deficiency claim in the future (Workmen's Compensation Law, § 29, subds. 4, 5), the defendant insurance company, while agreeing to the settlement under its public liability coverage, seeks to withhold its consent to such settlement as the carrier of compensation. The widow heretofore sought a determination by a referee in compensation to the effect that the third-party action had been terminated without the consent of the compensation carrier. The referee, after a hearing, ruled adversely. Instead of an appeal to the board, and in the event of an affirmance, a further appeal to the Appellate Division, Third Department (Workmen's Compensation Law, § 23; *Doca* v. *Federal Stevedoring Co.*, 280 App. Div. 940, affd. 305 N. Y. 648), the plaintiff commenced this action.

On the record no justiciable controversy exists. Moreover, the relief sought by way of declaratory judgment may be obtained within the framework of the existing procedures provided by the Workmen's Compensation Law.

The order should be reversed, and the complaint dismissed.

Peck, P. J., Breitel, Rabin, Frank and Bergan, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, the motion granted, and judgment is directed to be entered in favor of the appellant dismissing the complaint herein, with costs.