■ In the Matter of ANNE S. BRESCIA, Respondent-Appellant, v PETER C. FITTS, Appellant-Respondent. — In a support proceeding pursuant to article 4 of the Family Court Act, the appeals are from stated portions of (1) an order of the Family Court, Westchester County (Buel, J.), dated February 22, 1979 which, *inter alia,* denied Peter Fitts' motions to dismiss the proceeding, (2) an order of the same court (Buel, J.), dated May 16, 1979, which, *inter alia,* deemed certain issues resolved in petitioner's favor unless Fitts complies with certain discovery provisions, (3) an order of the same court (Donovan, J.), dated April 21, 1980 which, *inter alia,* modified the child support provisions of a divorce decree retroactive to January 1, 1980, and (4) a further order of the same court (Donovan, J.), dated July 18, 1980 as (a) denied Fitts' motion to vacate the order dated April 21, 1980 and dismiss the petition and (b) awarded petitioner counsel fees of $4,500. Petitioner cross-appeals, on the ground of inadequacy, from so much of the order dated July 18, 1980 as only partially granted her motion for counsel fees. Appeals from orders dated February 22, 1979, and May 16, 1979 dismissed (see Family Ct Act, § 1112), without costs or disbursements. Orders dated July 18, 1980 and April 21, 1980 (the appeal and cross appeal bring up for review the prior orders appealed from) reversed, on the law, without costs or disbursements, orders dated February 22, 1979 and May 16, 1979 vacated, motion by petitioner for counsel fees denied and the petition for increased support is dismissed. Petitioner showed only (1) a significant increase in the income of Peter Fitts, the supporting spouse, and (2) a generalized claim that the children's needs have increased as they have matured and because of inflation. In *Deacutis v Cuomo* (79 AD2d 595), we held precisely such a showing insufficient to warrant an increase in support (see, also, *Matter of Boden v Boden,* 42 NY2d 210).[*] Petitioner also alleged overreaching by Fitts in the course of the negotiation and execution of the separation agreement. Although such conduct may, if proven, provide a basis for equitable rescission of the agreement (see *Christian v Christian,* 42 NY2d 63, 71-73), the Family Court may not order rescission, because it has no equity jurisdiction (see *Kleila v Kleila,* 50 NY2d 277; Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act, § 115, pp 21-22). Hopkins, J. P., Lazer, Gibbons and Cohalan, JJ., concur.

---

[*] Compare, e.g., *Matter of Coniglio v Coniglio* (104 Misc 2d 491) and *Matter of Boy v Gum* (95 Misc 2d 435), proceedings under the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A), in which the court may determine support *de novo.*