■ FREDERICK JOHNSTON, Respondent, v NOREEN JOHNSTON, Appellant. — In a matrimonial action, in which the plaintiff husband had previously been granted a judgment of divorce, defendant appeals from (1) an order of the Supreme Court, Nassau County (Levitt, J.), entered December 17, 1979, which, after a hearing, denied her application for an upward modification of the child support fixed in a separation agreement, and (2) an order of the same court, entered May 27, 1980, which denied her motion to "renew" said application. Orders affirmed, without costs or disbursements. No opinion. Titone, J. P., Weinstein and Thompson, JJ., concur.

Lazer, J., concurs in part and dissents in part, with the following memorandum: Although the *Boden* rule (see *Matter of Boden v Boden,* 42 NY2d 210) defeats defendant's application to obtain additional child support from her former husband, I disagree with the majority's refusal to award counsel fees. Compelled by economic circumstances to proceed *pro se* during the evidentiary hearing at Special Term, the defendant was fortunate enough to find an attorney willing to undertake the motions to renew and reargue and to handle the appeal based on whatever compensation might be derived from the court's award of counsel fees, if any. The matter of appellate services is not before us, of course, but I find that the services rendered at Special Term warranted compensation, even if the deficiencies in the *pro se* record and *Boden's* oppressive effects were not overcome. In my view, attorneys who are willing to assist the impecunious on terms such as the instant ones should not be discouraged from doing so. Therefore, I would remand for a hearing on counsel fees.