■ In the Matter of GEORGE T. LEE, JR., Appellant, v MARYANN LEE, Respondent. (And Another Action.) — In a "special proceeding", *inter alia,* to "[v]acate the second decretal paragraph of the Findings and Judgment" of divorce of the Supreme Court, Suffolk County, dated April 17, 1975, George Thomas Lee, Jr., appeals from an order of the Supreme Court, Suffolk County (McCarthy, J.), dated August 11, 1980, which denied his application. Order affirmed, without costs or disbursements (see *Reeves v Reeves,* 57 AD2d 661). We note that subdivision a of section 232 of the Domestic Relations Law was amended by the Laws of 1978 (ch 528, § 6) so as to provide that in an action for divorce, if the complainant is not "personally served" with the summons, in addition to the summons stating "'Action for a divorce'", it "shall specify the nature of any ancillary relief demanded." This amendment, however, did not become effective until January 1, 1979. The summons at bar was served sometime prior to the 1975 divorce judgment. Titone, J.P., Gulotta, Cohalan and O'Connor, JJ., concur.

■ In the Matter of LOUIS LUBRANO et al., Respondents, v NEW YORK STATE WORKERS' COMPENSATION BOARD, Appellant. — In a proceeding pursuant to CPLR article 78 to enjoin the New York State Workers' Compensation Board from entering money judgments based on its determination that petitioners failed to make payment of compensation pursuant to applicable provisions of the Workers' Compensation Law, "until such time as Petitioners are afforded a full fact-finding hearing", the board appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated November 20, 1980, which vacated "all judgments obtained by the [board]" and directed the board to grant petitioners a hearing. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed. The assertion of jurisdiction by the Workers' Compensation Board over a matter that is subject to review by the Appellate Division, Third Judicial Department, renders exclusive jurisdiction in that court and interdicts recourse to a proceeding pursuant to CPLR article 78. Any alleged failure of procedural due process in the making of the administrative decision is a matter only for that appellate court to decide (see Workers' Compensation Law, § 23; CPLR 7801, subd 1; *Brooklyn Children's Aid Soc. v Industrial Bd. of Dept. of Labor of State of N.Y.,* 231 App Div 845, affd 256 NY 651). Damiani, J.P., Gulotta, O'Connor and Thompson, JJ., concur.

■ In the Matter of ANNETTE MICHAELS, Respondent, v HERBERT MICHAELS, Appellant. — In a proceeding pursuant to article 4 of the Family Court Act, the appeal is from so much of an order of the Family Court, Suffolk County (Cannavo, J.), entered December 3, 1980, as granted petitioner's application for an upward modification of the child support provisions of the parties' divorce decree and awarded petitioner a counsel fee. Order reversed insofar as appealed from, on the law, without costs or disbursements, the petition for increased child support is dismissed, and the request for a counsel fee is denied. The showing of a significant increase in the income of the appellant and a generalized claim that the child's needs have increased as he has matured and because of inflation are insufficient to warrant an increase in child support (see *Matter of Brescia v Fitts,* 82 AD2d 803; *Deacutis v Cuomo,* 79 AD2d 595; *Matter of Goldstein v Pesato,* 77 AD2d 878; see, also, *Matter of Gould v Hannan,* 44 NY2d 932; *Matter of Boden v Boden,* 42 NY2d 210). The award of a counsel fee was unwarranted (see *Matter of Brescia v Fitts, supra; cf. Johnston v Johnston,* 83 AD2d 572). Damiani, J.P., Gibbons, Rabin and Margett, JJ., concur.