■ In the Matter of DEBBY BOCK, Respondent, v ARTHUR COOPERMAN, as Chairman of Workers' Compensation Board of State of New York, et al., Appellants. — Order of Supreme Court, New York County (Tyler, J.), entered September 18, 1981, denying respondents' cross motion to dismiss the petition and directing respondents to answer the petition within 30 days, unanimously reversed, on the law, without costs or disbursements, the motion granted and the petition dismissed as against all parties respondent. The lengthy petition against members of the Workers' Compensation Board and the Attorney-General for various forms of relief, including $3.5 million in damages, all relating to a 1977 claim for worker's compensation benefits, is jurisdictionally defective. In the first place, the exclusive avenue for appeals on such matters is to the Appellate Division, Third Department (Workers' Compensation Law, § 23; see *Hirsch v Workmen's Compensation Bd. of State of N. Y.*, 1 AD2d 873, affd 3 NY2d 747). Indeed, questions relating to this workers' compensation claim have been and are being litigated in that court, whose "exclusive jurisdiction * * * interdicts recourse to a proceeding [here] pursuant to CPLR article 78." (*Matter of Lubrano v New York State Workers' Compensation Bd.*, 83 AD2d 841.) The board continues to have jurisdiction over petitioner's claim (Workers' Compensation Law, § 123). Second, any action for money damages

against State officials acting in their official capacities in exercise of governmental functions must be brought in the Court of Claims (Court of Claims Act, § 9, subd 2; *Psaty v Duryea,* 306 NY 413; *Belscher v New York State Teachers' Retirement System,* 45 AD2d 206), provided that the procedures set forth in the Workers' Compensation Law are not contravened (Court of Claims Act, § 8). Special Term, in ruling that the official capacity respondents had acted in was not clearly set forth, did not dispute respondents' averment that they were in fact acting in some official capacity. (See *Bock v State of New York,* Ct of Claims, Jan. 14, 1982, Weisberg, J.) Finally, there is no justification for naming the Attorney-General as a party respondent in this proceeding. No cause of action is stated against the Attorney-General. He was acting solely in his statutory role as counsel to the other respondents (Workers' Compensation Law, § 23; Executive Law, § 63), and as such is immune from liability in his own right. Special Term erred in implying that the Attorney-General had an obligation to investigate the matter raised by this petition. Concur — Ross, J. P., Carro, Markewich, Lupiano and Fein, JJ.