■ In the Matter of ANNE S. BRESCIA, Respondent-Appellant, v PETER C. FITTS, Appellant-Respondent. — In a support proceeding pursuant to article 4 of the Family Court Act, the appeals are from stated portions of (1) an order of the Family Court, Westchester County (Buell, J.), dated February 22, 1979, which, *inter alia,* denied Peter Fitts' motions to dismiss the proceeding, (2) an order of the same court (Buell, J.), dated May 16, 1979, which, *inter alia,* deemed certain issues resolved in petitioner's favor unless Fitts complies with certain discovery provisions, (3) an order of the same court (Donovan, J.), dated April 21, 1980, which, *inter alia,* modified the child support provisions of a divorce decree retroactive to January 1, 1980 and (4) a further order of the same court (Donovan, J.), dated July 18, 1980 as (a) denied Fitts' motion to vacate the order dated April 21, 1980 and dismiss the petition and (b) awarded petitioner counsel fees of $4,500. Petitioner cross-appeals, on the ground of inadequacy, from so much of the order dated July 18, 1980 as only partially granted her motion for counsel fees. By order dated June 1, 1981 this court dismissed the appeals from the orders dated February 22, 1979 and May 16, 1979, reversed, on the law, the orders dated July 18, 1980 and April 21, 1980 vacated the orders dated February 22, 1979 and May 16, 1979, denied petitioner's motion for counsel fees and dismissed the petition for increased support (82 AD2d 803). By order dated May 20, 1982, the Court of Appeals reversed the order of this court and remitted it here for further proceedings in accordance with the Court of Appeals opinion (56 NY2d 132). Appeals from orders dated February 22, 1979, and May 16, 1979 dismissed (see Family Ct Act, § 1112). Order dated April 21, 1980, modified, on the law and facts, by deleting from the first decretal paragraph the date "January 1, 1980" and substituting therefor the date "October 12, 1976". As so modified, order affirmed. Order dated July 18, 1980 modified, on the facts, by raising the counsel fee awarded to $7,000 exclusive of the $500 retainer. As so modified, order affirmed. Petitioner is awarded one bill of costs. Petitioner was entitled to an award of support retroactive to the date this proceeding was commenced, and the increased counsel fee more accurately reflects counsel's efforts on behalf of petitioner. In all other respects, there was a proper exercise of discretion in reaching the determinations reflected in the challenged orders. Lazer, J.P., Mangano, Gibbons and Weinstein, JJ., concur.