■ DERMOT C. REILLY, Appellant, v WILLIAM KROEGER, Individually and as a Member of the Workers' Compensation Board, Respondent. (And Two Related Actions.)—Levine, J. Appeal from three orders and judgments of the Supreme Court at Special Term (Hughes, J.), entered December 19, 1984 in Albany County, which granted defendants' motions to dismiss the complaints.

In our view, Special Term correctly concluded that plaintiff's exclusive remedy with respect to the decisions made by a panel of the Workers' Compensation Board is by way of direct appeal (Workers' Compensation Law § 23; *Matter of Bock v Cooperman,* 89 AD2d 539, *affd* 59 NY2d 776).

Moreover, even if plaintiff had the right to sue members of the Board for their acts or omissions in their official capacities, the complaints herein fail to state a cause of action for any recovery by plaintiff as a third-party beneficiary of alleged contracts of employment between such Board members and the State of New York *(see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 336; *Moch Co. v Rensselaer Water Co.,* 247 NY 160, 168).

Orders and judgments affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

■ In the Matter of PHILIP GENNA, Appellant, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term (Connor, J.), entered November 15, 1984 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition.

Judgment affirmed, without costs, upon the opinion of Justice John G. Connor at Special Term. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.