■ STEVEN CALZATI et al., Respondents, v KAUFMAN ASTORIA STUDIOS, INC., Appellant. [719 NYS2d 594] —In an action pursuant to Workers' Compensation Law § 26 for the entry of a judgment upon a default in the payment of an arbitration award, the defendant appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated November 24, 1999, which denied its motion to vacate the judgment entered against it, upon its failure to pay the award.

Ordered that the order is affirmed, without costs or disbursements.

The defendant failed to meet its burden of demonstrating that the judgment entered against it pursuant to Workers' Compensation Law § 26 was procured as a result of fraud, misrepresentation, or other improper conduct on the part of the plaintiff. Accordingly, the Supreme Court properly denied the motion to vacate the judgment (see, CPLR 5015 [a] [3]). Florio, J. P., McGinity, Luciano and Feuerstein, JJ., concur.

■ HELENA CLOSE, Appellant, v IKEA U.S., INC., Doing Business as IKEA LONG ISLAND, et al., Respondents. [719 NYS2d 592] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated September 17, 1999, as granted that branch of the motion of the defendant IKEA U.S., Inc. d/b/a IKEA Long Island which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Under the circumstances of this case, the Supreme Court properly granted summary judgment to the defendant IKEA U.S., Inc., d/b/a IKEA Long Island. Ritter, J. P., S. Miller, Friedmann and Smith, JJ., concur.