■ Workers' Compensation Board, Appellant, v Met-Impro Services, Inc., Defendant, and Robert San Miguel, Respondent. (Action No. 1.) Workers' Compensation Board, Appellant, v Met-Impro Services, Inc., Defendant, and Robert San Miguel, Respondent. (Action No. 2.) Workers' Compensation Board, Appellant, v Metro Info Services, Inc., Defendant, and Robert San Miguel, Respondent. (Action No. 3.) Workers' Compensation Board, Appellant, v Met-Impro, Inc., Defendant, and Robert San Miguel, Respondent. (Action No. 4.) Appellant. [855 NYS2d 150]—

In each of these four related actions pursuant to Workers' Compensation Law § 26 to enforce a Worker's Compensation award, the Supreme Court erred in granting the motion of the defendant Robert San Miguel to vacate so much of the judgment in each action as was in favor of the plaintiff, Workers' Compensation Board, and against him. Certain officers of a corporate employer may, in some circumstances, be held personally liable for Workers' Compensation benefits that have not

been paid by a corporate employer (*see* Workers' Compensation Law § 26-a [1] [a]). There is no provision in either the Workers' Compensation Law or the CPLR that authorized the Supreme Court to vacate a judgment entered pursuant to Workers' Compensation Law § 26 merely because the officer of the corporate employer was not specifically mentioned in the initial determination of the Workers' Compensation Board's administrative law judge (*see generally Matter of Lubrano v New York State Workers' Compensation Bd.*, 83 AD2d 841 [1981]; Minkowitz, Practice Commentaries, McKinney's Consolidated Laws of New York, Book 64, Workers' Compensation § 26, at 107; *cf. Calzati v Kaufman Astoria Studios*, 279 AD2d 443 [2001]).

Robert San Miguel is identified as the president of the subject corporate employers (hereinafter the corporations) in the caption of the judgments, and elsewhere in the record on appeal. In his submissions to the Supreme Court, San Miguel did not expressly deny that he was, or that he ever had been, the president of the corporations, much less submit any competent evidence in this regard. His vague assertions that he "was not operating the above [corporation]" and that he had "nothing to do with this matter" do not constitute a denial of his status as president of the corporations. Pursuant to Workers' Compensation Law § 26-a (1) (a) his potential personal liability does not depend on the extent to which he actively managed the corporations or on the extent to which he might personally have been involved in the underlying accident.

Under these circumstances, San Miguel failed to demonstrate the existence of any basis to vacate so much of the underlying judgments as was in favor of the Workers' Compensation Board and against San Miguel. In any event, we note that San Miguel failed to set forth whether administrative relief before the Workers' Compensation Board was available and pursued to no avail. Accordingly, there was no basis to vacate so much of the judgments as was in favor of the Workers' Compensation Board and against San Miguel. Fisher, J.P., Lifson, Covello and McCarthy, JJ., concur.