### HENRY D. SMITH *vs.* JOHN O'BRIEN.

Suffolk.    January 25, 1888. — March 2, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Judgment — Review — Waiver.*

A judgment debtor who makes a part payment on the judgment, and thus secures a postponement of levy of execution, thereby waives his right to a review.

PETITION to the Superior Court, alleging that, on May 20, 1887, the respondent recovered judgment against the petitioner in the Municipal Court of the city of Boston for the sum of $69,

damages, and $12.88, costs of suit, in an action of contract; that an execution issued on said judgment on May 21, 1887, which was unsatisfied; and praying for a *supersedeas*, or stay of the execution, and that a review of the action might be granted.

At the hearing, without a jury, before *Thompson*, J., it appeared, in addition to the facts stated in the petition, that on May 23, 1887, the respondent's attorney notified the petitioner to come to his office and pay the execution by three o'clock P. M. on the next day; that the petitioner came on May 25, 1887, and informed the respondent's attorney of his intention to obtain a review and *supersedeas* of the judgment and execution; that the respondent's attorney immediately informed him that the execution would be placed in an officer's hands for levy on his property; that during this conversation an officer came into the attorney's office to receive the execution for that purpose, the petitioner was so informed, and payment of the execution was demanded; that thereupon the petitioner paid to the respondent's attorney the sum of twenty-five dollars in part payment of the execution, and promised to come to the attorney's office and pay the balance upon the following Tuesday, and also paid the officer one dollar for his trouble, whereupon the attorney agreed to refrain from enforcing the execution till that day; and that the petition was sworn to by the petitioner the same day that he made the part payment of twenty-five dollars, and that it was filed and *supersedeas* issued the next day.

The respondent asked the judge to rule: " If the court is satisfied, from the record and from the petitioner's own testimony or other evidence in the case, that the petitioner paid a part of the judgment sought to be reviewed on May 25, 1887, the same day on which he made oath to his petition, and before the same was filed, and before a *supersedeas* was issued, and at the same time promised to pay the balance of the judgment the following week, then the court must rule that in law and by statute the petitioner has waived his right to a review, and is not entitled thereto."

The judge declined so to rule, and granted the petition; and the respondent alleged exceptions.

*S. H. Dudley*, for the respondent.
*I. R. Clark*, for the petitioner.

KNOWLTON, J.   Assuming that the petitioner could have maintained a petition for a writ of review when he entered the office of the respondent's attorney on May 25, 1887, he there made an agreement for a valuable consideration, which was inconsistent with the continuance of his right to have a *supersedeas* and set aside the judgment upon a review.   As soon as he informed the attorney that he intended to obtain a *supersedeas* and a review, he was told that the execution would be immediately enforced by a levy upon his property, and upon the officer's coming to get it for service, he gave the attorney twenty-five dollars in part payment of the judgment, paid the officer one dollar for his trouble, and made an oral contract with the attorney to pay the balance of the execution the following Tuesday, upon the attorney's agreeing to refrain from enforcing it until that time.   By this arrangement the respondent's right to secure his execution by an immediate levy upon property was released, and the petitioner's right to treat the judgment as voidable was waived and given up.

The respondent's first prayer for a ruling must be considered in connection with the fact that his attorney, as a part of the transaction referred to in the prayer, agreed with the petitioner to refrain from enforcing the execution until the following Tuesday, and the court should have ruled as therein requested.

*Exceptions sustained.*