AUDREY H. WHITTEN vs. WENDELL EARLE DURKEE.

Essex.   May 14, 1951. — June 29, 1951.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Marriage and Divorce*, Alimony, Support of child, Decree.

A finding, that a divorced man ordered by a decree of the divorce court
    to pay his former wife a weekly amount for her support and that of
    their children owed her for amounts which he had failed to pay her
    in accordance with the decree, was not plainly wrong where it ap-
    peared that while the decree was still in force he had reduced the
    amount of the weekly payments because of substantial expenditures
    made by him for expenses of the children and had discontinued the
    weekly payments altogether upon his former wife's remarrying.

PETITION, filed in the Probate Court for the county of
Essex on September 27, 1950.

The respondent appealed from a decree entered by *Cos-
tello*, J.

*R. W. Reardon*, for the respondent.
*F. A. Cashman*, for the petitioner.

COUNIHAN, J.   This is an appeal from a decree of the
Probate Court dismissing a petition filed by Audrey H.
Whitten, hereinafter called the petitioner, against her former
husband Wendell E. Durkee, hereinafter called the re-
spondent, for contempt because of his failure to obey a de-
cree of the court entered in divorce proceedings between
the petitioner and the respondent.   In the decree appealed
from the judge found that the respondent owed the peti-
tioner the sum of $1,590 as of September 26, 1950, the date
of the contempt petition, but that the nonpayment thereof
was not contemptuous disregard of the original decree of
the court, and he dismissed this petition.   We assume
without deciding that the respondent is an aggrieved party.
The evidence is reported and the judge at the request of
the respondent made findings of material facts.

In these circumstances it is our duty to examine the evidence and decide the case according to our own judgment. Findings made by the judge, however, are not to be reversed unless plainly wrong. *Whitney* v. *Whitney*, 325 Mass. 28, 29.

The findings of the judge and the evidence disclose the following: By a decree of the Probate Court dated May 17, 1944, the petitioner was granted a divorce nisi from the respondent which later became absolute. In this decree the petitioner was given the custody of their two minor children and the respondent was ordered to pay $65 each week for the support of the petitioner and the children. The respondent paid this order until September, 1948, when, without modification by the court, he reduced the payments to $50 each week. He discontinued the payments entirely in July, 1950, when the petitioner remarried. During the period from the entry of the divorce decree to the date of this petition for contempt the respondent expended for the education of the children in private schools and summer camps as well as for substantially all of their board, clothes and incidental expenses, moneys greatly in excess of the order of the court. At all times he was of sufficient means to pay the order. Prior to her remarriage the petitioner earned income which at one time amounted to $120 a month.

The respondent asserted that the original order for $65 weekly was reduced by an agreement with the petitioner in September, 1948, because of his large expenditures for the support and education of the children. The petitioner denied this.

The judge apparently found the contention of the respondent not to be true for he found that the respondent owed the petitioner $1,590 up to September 26, 1950, the date of this petition. This sum apparently represents the difference of $15 weekly withheld from the time he ceased to pay the $65 to the date of the contempt petition.

We cannot say that this finding of the judge was plainly wrong.

General Laws (Ter. Ed.) c. 208, § 37, reads, "After a decree for alimony or an annual allowance for the wife or children, the court may, from time to time, upon the petition of either party, revise and alter its decree relative to the amount of such alimony or annual allowance and the payment thereof, and may make any decree relative thereto which it might have made in the original suit." This statute in substance places the matter of payments under such a decree in the discretion of the judge of the Probate Court and his judgment ordinarily will not be disturbed. "A decree is binding and conclusive upon the parties thereto . . . so long as it stands." *Whitney* v. *Whitney,* 325 Mass. 28, 31.

Whatever effect agreement of parties may have upon an original decree need not be considered, for here the judge by inference at least found no such agreement. It follows that the decree must be affirmed. Costs and expenses of this appeal may be allowed to the petitioner or her counsel in the discretion of the Probate Court. G. L. (Ter. Ed.) c. 208, § 38, as appearing in St. 1933, c. 288.

*So ordered.*