VICTORY LUMBER & SUPPLY CO., INC. *vs.* PHILLIP VILLONE & another. January 28, 1953. Order dismissing appeal affirmed. In this action upon a promissory note there was a finding for the plaintiff, and the defendants claimed an appeal. There is nothing in the record to show that there was a case stated or any order decisive of the case founded upon matter of law apparent on the record, such as may be the foundation of an appeal under G. L. (Ter. Ed.) c. 231, § 96. No other provision for an appeal to this court in an action at law exists. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134. *Yoffa* v. *Shaw*, 299 Mass. 516, 517. *Watts* v. *Watts*, 312 Mass. 442, 449. There was no error in the order dismissing that appeal.

*Phillip Villone*, pro se.

*Edwin P. Dunphy*, for the plaintiff, submitted a brief.

EMILY F. PERRY *vs.* FRANK PERRY. January 29, 1953. Decrees affirmed. Costs and expenses of these appeals may be allowed to the wife or her counsel in the discretion of the Probate Court. The parties are husband and wife. On May 10, 1943, on a separate support petition the Probate Court entered a decree that the wife was living apart from the husband for justifiable cause. No order was then made for the wife's support, but on July 2, 1948, the decree, by agreement, was modified by requiring the husband to pay $20 weekly. At the same time the judge filed a "memorandum" reading in part, "As soon as the petitioner is well and able to go to work, the petition for modification may be reopened, and if the petitioner is able to support herself, the twenty dollar a week order is to be revoked." These are two petitions filed in the separate support proceedings on May 23, 1951. One is by the wife to adjudge the husband in contempt, and the other is by the husband to revoke the weekly support order. After hearing the judge found the husband in contempt and ordered him to pay $967 on or before December 10, 1951. On the petition for modification the judge reduced the weekly payments to $15. The husband appealed from both decrees. There was no error. The husband paid the $967 as ordered, but we assume he nevertheless has not waived his right of appeal. *O'Hara* v. *MacConnell*, 93 U. S. 150, 154. *Beronio* v. *Pension Commission of Hoboken*, 130 N. J. L. 620, 622. 4 C. J. S., Appeal & Error, § 214. The report of material facts shows that the wife is forty-eight years of age, and is attending Boston University School of Liberal Arts to prepare herself for resuming her former occupation of teacher. The so called "memorandum" accompanying the decree of July 2, 1948, did not require the judge to decide either petition against the wife. The "court may make further orders relative to the support of the wife . . . and may, from time to time . . . revise and alter such order or make a new order or decree, as the circumstances . . . may require." G. L. (Ter. Ed.) c. 209, § 32. *McIlroy* v. *McIlroy*, 208 Mass. 458, 464. *Sawyer* v. *Kuhnle*, 324 Mass. 53, 56. The findings in the report of material facts do not show error in the decree on the petition for modification. *Coe* v. *Coe*, 313 Mass. 232. Costs and expenses of these appeals may be allowed to the wife or her counsel in the discretion of the Probate Court. G. L. (Ter. Ed.) c. 208, § 38, as appearing in St. 1933, c. 288. *Whitney* v. *Whitney*, 325 Mass. 28, 33.

The case was submitted on briefs.

*William B. Perry, Jr., & Leonard E. Perry*, for Frank Perry.

*Solomon Rosenberg & Jack M. Rosenberg*, for Emily F. Perry.