CATHERINE R. BERGAN *vs.* FRANCIS J. McGRATH. February 7, 1961. Exceptions overruled. Double costs to be assessed under G. L. c. 211, § 10. See "brief statement of the grounds and reasons of the decision" in *Catherine R. Bergan* v. *City of Worcester*, decided herewith.

*John F. Killeen,* for the plaintiff.

*Henry P. Grady,* Assistant City Solicitor, for the defendant.

JOSEPH GORFINKLE *vs.* SUMNER STROYMAN & another, administrators. March 3, 1961. Decree affirmed. There was ample evidence upon which the probate judge could find that reasonable and just compensation for the legal services rendered by the petitioner is $2,000 and not the sum of $6,200 which the petitioner claims should have been awarded. The petitioner argues that the decree of the trial judge was based "upon conclusions of fact both incomplete and unsupported either by his own subsidiary findings or by unconflicting evidence of record." We do not agree. There was considerable testimony by the petitioner and the respondent Sumner Stroyman, and the judge made a detailed report of the material facts. The conclusion of the trial judge is not an error in law and his findings of fact are to be sustained unless they are plainly wrong. *Willett* v. *Willett,* 333 Mass. 323, 324. *Zelman* v. *Killion,* 337 Mass. 666, 669.

*Avram G. Hammer, (Joseph Gorfinkle,* pro se, with him,) for the petitioner.

*Hertz N. Henkoff,* for the respondents.

ANTONIO PUZO *vs.* LINA PUZO. March 3, 1961. Decree affirmed. This is an appeal from a decree granting an annulment of the marriage of the libellant and the libellee contracted in Massachusetts on July 2, 1958. The libel alleges that the libellee had, at the time of the purported marriage, and continued to have at the time of this proceeding, a husband living in Italy. The libellee admitted and the trial judge found that the libellee had a husband living from whom she had not been divorced. The trial judge further found that the libellant upon learning of this fact immediately left the home where the libellee and he were living and took up a new residence. The purported marriage of the libellant and the libellee was a bigamous marriage and prohibited by law. G. L. (Ter. Ed.) c. 207, § 4. "Such a marriage is no marriage at all and is 'void without a decree of divorce or other legal process.'" *Callow* v. *Thomas,* 322 Mass. 550, 555. Testimony bearing on the issue of the libellant's good faith and clean hands in the instant case was properly excluded as being immaterial. The conversation which took place between the libellee and the libellant in the office of the libellee's attorney was properly admitted since it did not constitute an agreement of compromise. Even if it had it could have been admitted as an admission of fact. *Wagman* v. *Ziskind,* 234 Mass. 509, 511. All the cases dealing with annulments cited by the libellee are distinguishable on the facts.

*Vincent Mottola,* for the libellee.

*Hector F. Cicchetti,* for the libellant.