MILLIE CLINE & another *vs.* A. A. WILL SAND & GRAVEL CORP. & others (and a companion case[1]).

Suffolk.    February 5, 6, 1963. — May 6, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Trespass.    Practice, Civil,* Appeal.

A finding by the judge in a suit in equity that the defendants were on the plaintiff's land pursuant to an agreement with him for removal of material therefrom and were not trespassers was not plainly wrong on reported evidence.    [42]

An appeal to this court did not lie under G. L. c. 231, § 96, from the general finding of a judge of the Superior Court in an action at law heard by him on evidence.    [42]

BILL IN EQUITY filed in the Superior Court on August 11, 1958.

TORT.    Writ in the District Court of Southern Norfolk dated September 5, 1958.

Upon transfer of the action to the Superior Court the cases were heard by *Spring, J.*

*Louis A. Zonderman* for Millie Cline & another.

*Stephen A. Hopkins* for A. A. Will Sand & Gravel Corp. & others.

REARDON, J.    These are appeals by Millie Cline and Erving H. Cline from a final decree dismissing their bill of complaint in the first case and from a finding for the plaintiff, A. A. Will Sand & Gravel Corp. (hereinafter called Will

---

[1] The companion case is by A. A. Will Sand & Gravel Corp. & others against Millie Cline & another.

Corp.), in the second case. The two matters were consolidated for trial before a judge of the Superior Court without a jury and also for purposes of appeal.

There was evidence which may be summarized as follows: The Clines owned certain land in Canton. On May 1, 1956, the Clines and Will Corp. entered into a written agreement under the provisions of which Will Corp. was permitted to come onto the land to remove fill, borrow, stone, and gravel at a price of twelve cents a cubic yard. The contract called for the purchase and sale of 900,000 cubic yards of such material over a five year period and contained various other provisions, not presently important, in the event that such amount of material could not be extracted from the land.

In accordance with the agreement Will Corp. paid the Clines $7,000 in advance, the sum of $1,000 to be deducted from each of "the first seven monthly gravel receipts" due the Clines. Will Corp. brought its digging equipment onto the land but encountered ledge conditions three or four feet below the surface in the various areas in which digging took place. After removing approximately 7,550 cubic yards of material Will Corp. ceased its operation. There ensued a period of little or no activity on the land until the summer of 1958 when the defendant (in the first case) Joseph H. Malloy communicated with Will Corp. relative to the purchase by him of fill and borrow from the land. Erving H. Cline was advised by Will Corp. of this inquiry and he thereafter met Malloy on the land. He told Malloy that it contained gravel which Malloy would have to obtain through Will Corp. Will Corp. orally agreed to sell to Malloy who in turn entered into a written contract with Marinucci Bros. & Co., Inc. (also a defendant in the first case), to sell material from the land to that company. Marinucci moved its equipment onto the land and at once ran into the conditions that had plagued Will Corp. in the fall of 1956. It did excavate and remove some 1,400 cubic yards but on its second day of operation was served with a court order issued in the first case at the prayer of the Clines which restrained

all the defendants in that suit from entering upon the Cline land. In their bill the Clines alleged a trespass by the defendants and sought damages.

1. In the first case, the appeal from the dismissal of the bill in equity brings up a report of the evidence and a finding of material facts. Thus, all questions of fact, law, and discretion are now open, but the findings of fact will not be set aside unless they are plainly wrong. *Willett* v. *Willett,* 333 Mass. 323, 324. *Zelman* v. *Killion,* 337 Mass. 666, 669. *Gorfinkle* v. *Stroyman,* 342 Mass. 775. The trial judge was in a superior position to evaluate the oral testimony. *Ross & Roberts, Inc.* v. *Simon,* 326 Mass. 12, 17. *Lexington* v. *Simeone,* 334 Mass. 127, 128. *Linse* v. *O'Meara,* 338 Mass. 338, 345. He found the defendants to have been on the Cline land pursuant to the agreement and hence determined that there was no trespass. Our review of the evidence convinces us that his conclusion was right. There is no error.

2. The appeal in the second case, an action at law, brought by Will Corp. to recover a portion of the advance payment to the Clines, presents no questions for our consideration. G. L. c. 231, § 96. *Pequod Realty Corp.* v. *Jeffries,* 314 Mass. 713. *Harrington* v. *Anderson,* 316 Mass. 187, 191. *Victory Lumber & Supply Co. Inc.* v. *Villone,* 329 Mass. 771. It must be dismissed. *Yoffa* v. *Shaw,* 299 Mass. 516, 517. *Pheeney* v. *Malden Coal Co.* 300 Mass. 60, 61.

*Decree affirmed in the first case with costs.*

*Appeal dismissed in the second case.*