EVELYN R. COHEN vs. STEPHEN J. MURPHY.

Plymouth. April 9, 1975. — June 12, 1975.

Present: TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

Contempt. Divorce, Support of child: credit for dependency bene-
fits. Probate Court, Appeal. Moot Question.

An appeal by a husband from a Probate Court decree adjudicating
him in contempt for failure to pay a certain sum for the support
of his minor children did not present a moot case, although his
wife filed an acknowledgment that such sum had been paid "in
complete satisfaction of" the contempt judgment, where the ac-
knowledgment stated that it was understood that the husband "is
reserving his right to appeal said judgment." [146-147]
Following a divorce decree ordering a husband to pay to the wife a
certain sum each week for the support of the parties' "minor child-
ren only," benefits awarded the husband for the children from the
Veterans' Administration and the Social Security Administration
should have been credited against the amounts due from him
under the support order. [147-148]
Any exemption from claims extended to a recipient of Federal bene-
fits does not prevent consideration of such benefits in determining
the amount of support to be ordered against the recipient in sup-
port proceedings. [148]

LIBEL for divorce filed in the Probate Court for the
county of Plymouth on April 4, 1969.

A contempt petition filed on September 7, 1972, was
heard by Lawton, J.

After review was sought in the Appeals Court, the
Supreme Judicial Court, on its own initiative, ordered
direct appellate review.

Anthony P. Sager for Stephen J. Murphy.

BRAUCHER, J. A divorce decree awarded to the wife
custody of the three minor children of the parties and

ordered the husband to pay to the wife "the sum of fifty (50) dollars each week for support of said minor children only." The husband subsequently was awarded benefits based on total disability by the Veterans' Administration and the Social Security Administration, including benefits for the minor children. We hold that those benefits are to be credited against the amounts due under the decree for support, and reverse a contempt decree based on a contrary view.

The divorce decree nisi was entered on December 23, 1969. After the divorce decree became final both parties remarried. On August 29, 1972, the wife filed a petition that the husband be adjudged in contempt for nonpayment, and the matter was heard on March 22 and 23, 1973. On March 23, 1973, the judge of the Probate Court entered an order that the husband pay $150 each month for child support, "to be paid in addition to any sums paid to said children by the Social Security Administration or the Veterans' Administration," commencing April 1, 1973. On March 30, 1973, the husband was "adjudicated in contempt . . . in the sum of Three Thousand Six Hundred ($3,600) Dollars and . . . sentenced to the County Jail for a term of six (6) months. Said sentence is suspended for a period of six (6) months from this date on the condition that the libellee shall satisfy said arrearage within six (6) months from this date or stand committed to the County Jail for the period of said sentence."

Also on March 30, 1973, the wife filed an acknowledgement of payment of $3,600 by the release of the husband's interest in certain real estate, "said release to be in complete satisfaction of" the contempt judgment, it being understood that the husband "while satisfying the judgment of $3,600 is reserving his right to appeal said judgment." The husband subsequently appealed to the Appeals Court from the contempt decree, and we transferred the case to this court on our own motion under G. L. c. 211A, § 10 (A).

We summarize the judge's report of material facts. The husband had been employed, but he became ill and was hospitalized by the Veterans' Administration from August 21, 1969, until April 1, 1971. Benefits were awarded to him based on his total disability, effective about April, 1970, and including benefits for the minor children. He receives each month about $495 from the Social Security Administration and $242 from the Veterans' Administration. In addition each month two of the three children receive about $69.40 and the youngest receives $104 in social security payments, and Veterans' Administration benefits for the children are paid to the husband and have been paid by him to the children on occasion. The judge did not find the amount of the Veterans' Administration benefits for the children but the husband testified that they amounted to $21 each month in total.

The judge found that the husband had made no payments on the weekly $50 support order from November 2, 1971, to March 30, 1973, a period of some seventy-two weeks, that the arrearage was $3,600, and that no agreement was ever made that his duty to pay terminated with the payment of dependency benefits by the Veterans' Administration or Social Security Administration. The husband had, in fact, wilfully violated the December 23, 1969, decree and owed $3,600 in child support payments.

1. *Mootness.* When a judgment which has been satisfied by the judgment debtor's paying money is reversed, he is entitled to restitution of the amount which he has lost. *Delano* v. *Wilde,* 11 Gray 17 (1858). We do not encourage disregard of court orders. Cf. *Henderson* v. *Henderson,* 329 Mass. 257, 258 (1952); *Ellis* v. *Doherty,* 334 Mass. 466, 468 (1956). We have assumed that a husband who complies with a support order does not waive his right of appeal. *Perry* v. *Perry,* 329 Mass. 771 (1953), and cases cited. In the present case there was settlement of an order for the payment of money by the conveyance of an interest in land, but in view of the

wife's explicit recognition of the husband's reservation of rights we think the case is not moot. See note, 39 A. L. R. 2d 153, 171 (1955). Contrast *Smith* v. *O'Brien*, 146 Mass. 294, 296 (1888).

2. *Credit for dependency benefits.* Since the evidence is reported and the judge made a report of material facts, the appeal brings before us all questions of law, fact, and discretion. *Whitney* v. *Whitney*, 325 Mass. 28, 29 (1949). Under G. L. c. 208, § 37, the judge had full power to modify the support provisions of the divorce decree "not only as to the future, but also as to arrears." *Watts* v. *Watts*, 314 Mass. 129, 133 (1943). *Whitten* v. *Durkee*, 327 Mass. 562, 564 (1951). He did not purport to modify the arrearages, however. Instead, he ruled as matter of law that in the absence of agreement the order for support was not satisfied by payments of government dependency benefits either made directly to the wife or children or made to the husband and paid over by him. We think that, in a contempt proceeding for violation of a divorce decree, ambiguities in the decree should ordinarily be resolved in favor of the alleged contemnor. Cf. *Sodones* v. *Sodones*, 366 Mass. 121, 128 (1974); *Meranto* v. *Meranto*, 366 Mass. 720, 724 (1975). Credit should therefore have been given, and the contempt decree must be reversed.

In other States, government dependency benefits have been credited against support orders in the absence of contrary provision in the support order. *Cash* v. *Cash*, 234 Ark. 603, 607 (1962) (social security). *Horton* v. *Horton*, 219 Ga. 177, 178 (1963) (same). *Kipping* v. *Kipping*, 186 Tenn. 247, 251 (1948) (servicemen's dependents allowance). *Pishue* v. *Pishue*, 32 Wash. 2d 750, 756 (1949) (Veterans' Administration). *Guardianship of Gardner*, 220 Wis. 493, 494-495 (1936) (same). Cf. *Fowler* v. *Fowler*, 156 Conn. 569, 573-574 (1968) (contempt complete before benefits began). But cf. *Thompson* v. *Thompson*, 254 Ark. 881, 883 (1973) (college benefits for child of disabled veteran not credited);

*Cohen* v. *Cohen,* 246 So. 2d 581, 582-583 (Fla. App. 1971) (social security death benefits not credited against voluntary property settlement agreement). As the Arkansas court pointed out in *Cash* v. *Cash, supra,* "the Social Security payments made by the Federal Government to the dependent son were earned in part by the appellant himself and are not altogether a gift from the Federal Government." We need not decide whether we would follow New York decisions giving similar credit for welfare payments. See *Silkworth* v. *Silkworth,* 255 App. Div. (N. Y.) 226, 227 (1938); *Edelman* v. *Siegal,* 98 N. Y. S. 2d 826, 833 (Supr. Ct. 1950); *Hollander* v. *Hollander,* 55 Misc. 2d (N. Y.) 107 (Supr. Ct. 1967).

3. *Exemptions.* In view of our disposition we do not pass on the husband's contentions that veterans' benefits are exempt from support claims under 38 U. S. C. § 3101 (a) (1970), and that social security benefits are similarly exempt under 42 U. S. C. § 407 (1970). Cf. *Utley* v. *Utley,* 355 Mass. 469, 471 (1969) (city pension). So far as *Tully* v. *Tully,* 159 Mass. 91, 92-93 (1893), rests on the principle that money is not exempt after it is received by the pensioner, it has been superseded by amendments of the Federal statute. Cf. *Wissner* v. *Wissner,* 338 U. S. 655, 659 (1950) (National Service Life Insurance); *Porter* v. *Aetna Cas. & Sur. Co.* 370 U. S. 159, 160-161 (1962) (veterans' benefits); *Philpott* v. *Essex County Welfare Bd.* 409 U. S. 413, 416-417 (1973) (social security). Whatever the effect of any exemption, we think it does not prevent consideration of Federal benefits in determining the amount of support to be ordered. As in the *Tully* case, "no question is before us as to the manner in which the order of the court can or should be enforced." 159 Mass. at 93 (1893).

4. *Disposition.* The contempt decree is reversed, and the case is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*