OPINION OF THE COURT
Bernard F. McCaffrey, J.
The novel question presented in this postjudgment matrimonial proceeding concerns whether the defendant father may unilaterally discontinue mandated child support payments until such time as the dollar amount equals the retroactive lump-sum award of Social Security disability payments re *38 ceived by the plaintiff mother on behalf of the children, as a result of a disability award to the father.
It is difficult for this court to understand the rationale of a decision which would allow a former husband to unilaterally determine to withhold child support payments without benefit of a court order or agreement.
However, apparently the only cited reported case law on this issue is that of Passaro v Passaro (92 AD2d 861 [2d Dept 1983]), where the Appellate Division, Second Department, in modifying the trial court determination directed that the former husband was entitled to a credit for the amount of retroactive Social Security disability payments received by the former wife on behalf of the children.
Thus, at first blush it would appear that this court would be constrained, even though reluctantly, to follow the holding in Passaro (supra) and deny the former wife’s application for a money judgment for arrears in child support.
However, this court now holds that Passaro (supra), decided in 1983, is no longer controlling as to that aspect of the decision of the Appellate Division insofar as mandating the court to grant the defendant a retroactive credit for those retroactive amounts of Social Security payments received by the mother on behalf of the children as against arrears in child support. In this respect the court relies upon the 1986 amendment to Domestic Relations Law § 244, effective August 5, 1986, which was enacted to preclude a party from utilizing self-help and then seeking, at a later date, to eliminate child support retroactively.
The parties to this postjudgment matrimonial action were divorced pursuant to an April 20, 1985 judgment which incorporated, but did not merge, a March 27, 1985 stipulation of settlement. Pursuant to the aforementioned judgment, defendant is obligated to pay plaintiff $173.07 biweekly for the support of each of the parties’ two infant issue.
At the time, defendant, age 43, was employed as an engineer with the Nassau County Department of Public Works. However, on December 19, 1988, he was declared disabled due to a chronic asthmatic condition and awarded benefits retroactive to January 1988. Beginning in March 1989, plaintiff, therefore, began receiving $240 per month per child in Social Security benefits. Simultaneously, plaintiff received $3,045 in retroactive benefits from Social Security for the children. As a result in April 1989, defendant unilaterally suspended child *39 support payments seeking credit for the amount provided by Social Security, although no application for modification pursuant to Domestic Relations Law § 236 (B) (9) (b) was ever made. Plaintiff construes defendant’s duty to pay support to be an independent obligation and, therefore, seeks a money judgment for approximately six months in child support arrears, or $4,093.10 ($744.20 per month). Relying on Passaro v Passaro (92 AD2d 861, supra), defendant asserts, without cross-moving, that prospectively his obligation should be reduced to reflect the additional $240 plaintiff receives from Social Security and that he is entitled to a credit for the amount of Social Security benefits paid to his children.
In Passaro (supra), a wife and custodial parent on public assistance instituted an enforcement proceeding against her former husband for arrears. The husband cross-moved for downward modification due to his becoming disabled. The Appellate Division modified Family Court’s determination to the extent of deducting a $20 per month per child Social Security benefit from the husband’s weekly child support obligation. As in this instance, this was premised upon the fact that the spouse had neither sustained his injury nor received any benefits at the time of the original support order. Nor had such benefits been contemplated at the time of an amended support order.
However, following the 1986 amendment to Domestic Relations Law § 244 with respect to arrears, the court no longer has discretion to reduce or annul any child support arrears which accrued prior to defendant’s default where the defaulting party shows good cause for failing to make an application for relief from the judgment prior to the accrual of arrears. In this instance, no such application for downward modification was ever filed. The statute takes the ground out from under a spouse who resorts to self-help and who challenges the other spouse to bear the burden of commencing proceedings to obtain collection while the arrears continue to mount. The statute no longer tolerates a defaulting spouse who watches the arrears accumulate and then, when an enforcement proceeding is brought, seeks to eliminate all arrears retroactively. (Scheinkman, Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 244, at 752; Penziner v Penziner, 123 AD2d 674; Hornok v Hornok, 121 AD2d 937.)
Effective August 5, 1986, therefore, the burden appropriately rests with the defaulting party. Unlike Passaro (supra), a defaulting spouse no longer automatically receives an indirect *40 child support credit for the amount provided to the children by Social Security. Any such determination may only be made in the context of a modification proceeding where a reduction in the noncustodial parent’s income, if any, is but one factor for consideration. (Brescia v Fitts, 56 NY2d 132 [1982], on remand 89 AD2d 894 [2d Dept 1982].)
This is especially true on the present set of facts. Unlike Passaro (supra), where the custodial spouse subsequently obtained employment and no longer received public assistance, in this case plaintiff has recently become unemployed. Moreover, as plaintiff noted, defendant’s income is not limited to the receipt of $960 per month in disability insurance. He also receives $1,261.44 per month from a disability pension. No verification was provided, however, to substantiate plaintiff’s additional allegation that defendant’s present $26,657.28 tax-free annual income is equivalent to that which he earned prior to becoming disabled. Yet, it is undisputed that, upon the sale of the former marital residence in 1987, defendant received $96,000, which he contends was expended for living expenses prior to the receipt of his retroactive award in April 1989.
Accordingly, plaintiff’s application pursuant to Domestic Relations Law § 244 for a $4,093.10 money judgment representing child support arrears is granted.
Plaintiff’s remaining requests for counsel fees and to amend the parties’ April 20, 1985 judgment to require defendant to pay monthly ($744.20), rather than biweekly ($173.07 per child), are denied.