Robert A. WEAKS, Appellant,

v.

Patricia G. WEAKS, Respondent.

No. 73923.

Supreme Court of Missouri,
En Banc.

Dec. 17, 1991.

W.H. Winchester, III, Stephanie M. Gleason, Sikeston, for appellant.

Daniel P. Card II, Clayton, for amicus curiae.

Joseph P. Fuchs, Sikeston, for respondent.

BENTON, Judge.

The marriage of Robert and Patricia Weaks was dissolved on February 8, 1977. The trial court granted custody of the two minor children to Patricia and ordered Robert to pay the sum of $100 per month per child for support.

In December 1983, Robert was declared totally disabled for purposes of receiving social security benefits. Commencing in August 1984, Patricia received social security disability benefits for the children in excess of the court-ordered child support. These benefits were received through Robert's social security account but by direct payment to Patricia.

On May 11, 1988, Robert filed a motion for contempt arising out of the garnishment of Robert's social security disability benefits in the amount of $115 a month.[1] In the alternative Robert requested an order of the court directing Patricia to reimburse and repay Robert for all overpayments, attorneys fees and costs. Patricia filed an answer alleging a course of conduct by Robert to totally avoid his child support obligations. In addition, Patricia filed a motion for contempt, based on Robert's refusal to pay his child support obligations, alleging he owed $7,113.10 in past due child support.

The parties agreed by stipulation that if Robert were not entitled to a credit for the social security disability payments to the children, his support obligation was in arrears in the amount of $6,608.10. The parties further stipulated that if a credit were appropriate, Robert was entitled to a credit in the amount of $10,335.60.

The trial court entered its judgment, finding Robert was not entitled to any credit for the social security disability benefits Patricia received on behalf of the children, and granted a judgment against Robert in the sum of $6,608.10.

This Court in *Craver v. Craver*, 649 S.W.2d 440 (Mo. banc 1983), held that social security payments made through the account of the husband did not constitute payments made by that party himself and, therefore, the husband was not entitled, as

---

1. The child support record maintained by the New Madrid Circuit Clerk indicated Robert's disability benefits were garnished from December 8, 1986, through and including February 5, 1988.

a matter of law, to a set-off for social security benefits received by his former wife. Although *Craver* involved a husband's contractual support obligation to his former wife, the reasoning applied equally to child support and the trial court's order in the instant case was consistent with that opinion. See *Burnham v. Burnham*, 743 S.W.2d 568, 570 (Mo.App.1987).

Based on the fact that *Craver* was the last controlling opinion of this Court, the Court of Appeals, Southern District, affirmed the trial court's decision in this case. We granted transfer to reexamine the existing law, and now reverse the decision of the trial court.

## I.

■ This Court's holding in *Craver* was premised on the determination that the social security benefits of a contributor do not "in any real sense belong" to the person against whose account they are charged. Therefore, payments made through that account could not be considered payments made by the party himself. *Craver v. Craver*, 649 S.W.2d at 444.

The rationale of *Craver* is contrary to the clear majority of jurisdictions, which do permit a credit against support obligations for social security disability benefits paid through the account of the obligor. See, *e.g.*, *Binns v. Maddox*, 57 Ala.App. 230, 327 So.2d 726 (Civ.App.1976); *Horton v. Horton*, 219 Ga. 177, 132 S.E.2d 200 (1963); *Potts v. Potts*, 240 N.W.2d 680 (Iowa 1976); *Andler v. Andler*, 217 Kan. 538, 538 P.2d 649 (1975); *Folds v. Lebert*, 420 So.2d 715 (La.App.1982); *Cohen v. Murphy*, 368 Mass. 144, 330 N.E.2d 473 (1975); *Mooneyham v. Mooneyham*, 420 So.2d 1072 (Miss. 1982); *Hanthorn v. Hanthorn*, 236 Neb. 225, 460 N.W.2d 650 (1990); *Schulze v. Jensen*, 191 Neb. 253, 214 N.W.2d 591 (1974); *Children and Youth Services v. Chorgo*, 341 Pa.Super. 512, 491 A.2d 1374 (1985). *Contra, Nakaerts v. Nakaerts*, 106 Ill.App.3d 166, 61 Ill.Dec. 950, 435 N.E.2d 791 (1982); *Arnoldt v. Arnoldt*, 147 Misc.2d 37, 554 N.Y.S.2d 396 (Sup.Ct.1990); *Chase v. Chase*, 74 Wash.2d 253, 444 P.2d 145 (1968).

In *Horton v. Horton*, 132 S.E.2d at 201, the Georgia Supreme Court reversed a trial court's judgment denying credit toward father's support obligation for social security disability benefits paid on behalf of the children:

Social Security disability payments represent money which an employee has earned during his employment and also that which his employer has paid for his benefit into a common trust fund under the Social Security Act. 42 U.S.C. § 301 et seq. These payments are for the purpose of replacing income lost because of the employee's inability to work upon becoming disabled. Thus, these payments substitute for income. Since the amount of alimony required to be paid is determined largely by income, we see no reason why, in discharging the obligation to pay the alimony, Social Security disability benefits should not be credited.

To the same effect is *Andler v. Andler*, 538 P.2d at 653, where the Supreme Court of Kansas held that social security disability benefits paid to the custodial parent for the benefit of the minor children were not gratuitous and likened the Social Security system to insurance.

Social Security benefits paid to the appellee for the benefit of the parties' minor children as the result of the appellant's disability may not, however, be regarded as gratuitous. On the contrary, the payments received by the appellee are for the children as beneficiaries of an insurance policy. The premiums for such policy were paid by the appellant for the children's benefit. The purpose of Social Security is the same as that of an insurance policy with a private carrier, wherein a father insures against his possible future disability and loss of gainful employment by providing for the fulfillment of his moral and legal obligations to his children. This tragedy having occurred, the insurer has paid out benefits to the beneficiaries under its contract of insurance with the appellant, and the purpose has been accomplished.

The reasoning of these cases persuades this Court that a parent charged with a

support obligation is entitled to a credit toward that obligation for social security disability benefits derived through that parent's account. In *Craver*, 649 S.W.2d at 443, this Court rejected the reasoning of *McClaskey v. McClaskey*, 543 S.W.2d 832 (Mo.App.1976), which allowed a credit. In *McClaskey*, 543 S.W.2d at 834, the Court of Appeals, Eastern District, reasoned that the benefits received by the children, in effect, came from the father by virtue of his contributions to social security. Although this Court held in *Craver* that a contributor to the social security fund may not have a vested property right in those funds, the contributor's legal interest in the fund is not the proper focus of the inquiry. Instead the key fact is that the benefits paid to the children are derived from funds "earned" by the contributor. The person seeking the credit has contributed to the fund through deductions from wages. Since the child receives the benefit payments, the issue of the contributor's property right is irrelevant. The focus of the inquiry should be whether the purpose of child support is satisfied by the receipt of the social security benefits. *Horton v. Horton*, 132 S.E.2d at 201; *Potts v. Potts*, 240 N.W.2d at 681.

 The issue whether the party charged with the support obligation is entitled to a credit on arrears for the support obligation depends on equitable considerations. *M___ v. M___*, 313 S.W.2d 209 (Mo. App.1958). The clear weight of authority is that a proceeding to enforce an order for child support is subject to any valid defense against the required payment. 27C C.J.S., *Divorce* § 707, p. 339.

The purpose of social security disability payments is to replace income lost due to the recipient's inability to work. *Horton v. Horton*, 132 S.E.2d at 201. Although a recipient of disability benefits might have independent sources of income, commonly the disabled person is deprived of the only means of support upon becoming disabled. Therefore, it is inequitable to withhold a credit against the child support obligation. The parent charged with the support obligation may have no ability to satisfy that obligation other than through the governmental disability payments, which were effectively generated by contributions from wages while working.

A minority of states follows the rule that a credit for social security disability payment is available against the child support obligation only *after* a modification by the trial court. In *Chase v. Chase*, 74 Wash.2d 253, 444 P.2d 145 (1968), the Washington Supreme Court upheld the trial court's order reducing future child support payments by the amount of social security benefits received by the custodial parent. As for the delinquent child support accruing prior to the modification proceeding, the court held that the disability and resulting entitlement are not an automatic deduction without a modification by the court. *Id.* 444 P.2d at 149. The court found that allowing an automatic deduction would amount to a retrospective modification of the decree, which was prohibited. *Id.* The receipt of social security disability benefits is but one circumstance for the court to consider in deciding whether to modify the child support. *Hepton v. Hepton*, 25 Wash.App. 229, 605 P.2d 1288, 1289 (1980). See also *Nakaerts v. Nakaerts*, 106 Ill. App.3d 166, 61 Ill.Dec. 950, 435 N.E.2d 791 (1982) (the party responsible for child support must petition court for a judicial determination of the amount of support required in light of changed circumstances); *Arnoldt v. Arnoldt*, 147 Misc.2d 37, 554 N.Y.S.2d 396 (Sup.Ct.1990) (statute required that any determination of a child support credit for amounts provided to children by social security is not automatic but must be made in context of a modification proceeding).

This view, followed by a distinct minority of jurisdictions, is harsh and unjust. To impose the requirement of a court proceeding, *i.e.*, modification hearing, on a party seeking to credit disability payments received by the custodial parent for the benefit of the parties' children is overly harsh. In situations involving disability benefits, the party seeking credit most likely faces a reduction of income, financial uncertainty, physical or mental impairment and other attendant consequences of the disability.

The additional burden of petitioning the court for a modification typically wastes time and money and helps no one.

■ The purpose of child support is to provide for the needs of the children. *State ex rel. Division of Family Services v. Ruble,* 684 S.W.2d 949 (Mo.App.1985). In determining the proper amount of child support, the trial court balances the needs of the children and the ability of the non-custodial parent to pay. *Wise v. Crawford,* 695 S.W.2d 487 (Mo.App.1985). Factors that the trial court must consider include the financial resources and needs of the children and of the parent. Rule 88.01.

In the instant case the parties stipulated that since the date of his disability, Robert received no income from any source other than his social security disability payments. However, there was no evidence in the record as to Robert's earnings prior to his disability. The evidence did establish that the benefits paid to the children were in excess of the court-ordered child support.

■ In Missouri, the custodial parent determines how support payments are spent. The parent charged with the support obligation has no right to alter the terms of the decree and dictate the method of furnishing support. *Cooper v. Allstate Insurance Co.,* 735 S.W.2d 204, 206 (Mo. App.1987). This Court's holding is not contrary to this rule of law. In this case, the custodial parent, Patricia, still exercises total control over the support payments. There has only been a change in the entity making the payment, not in the method: cash to custodial parent.

■ The benefits Patricia received on behalf of the children were a substitute for Robert's income and therefore should be credited to satisfy his support obligation. To allow Robert a credit does not retroactively modify the child support payments— it is merely a change in the identity of the payer. *Cf. Board v. Board,* 690 S.W.2d 380, 381 (Ky.1985) (a distinction exists between allowing a credit for payment made from another source and modifying a specific dollar amount).

II.

■ The facts of this case manifest an additional issue not directly raised by the parties. Are excess social security benefits available to satisfy any future support obligation or any arrearage accumulated prior to the disability? The answer must be no. Any excess is deemed a gratuity to the extent that it exceeds the amount of support mandated by the decree. *Andler v. Andler,* 538 P.2d at 654; see also *Bowden v. Bowden,* 426 So.2d 448 (Ala.Civ.App. 1983); *Potts v. Potts,* 240 N.W.2d at 681.

The trial court's order denying credit is reversed. To the extent *Craver v. Craver* is inconsistent with this opinion, it is overruled. The case is remanded for further proceedings consistent with this opinion.

RENDLEN and BLACKMAR, JJ., and O'MALLEY, Special Judge, concur.

COVINGTON, J., dissents in separate opinion filed.

ROBERTSON, C.J., and HOLSTEIN, J., dissent and concur in dissenting opinion of COVINGTON, J.

THOMAS, J., not participating because not a member of the Court when case was submitted.

COVINGTON, Judge, dissenting.

I respectfully dissent. While I agree in concept that it would be fair for most obligors to be allowed a set-off against a support obligation in an amount equal to Social Security disability benefits, and I would not be opposed to permitting all obligors under a decretal support obligation an opportunity at trial to seek to obtain relief in the form of a retroactive credit for Social Security benefits paid through the obligor's account, I cannot concur with the principal opinion that these actions may be taken in the absence of statutory authorization and without a modification proceeding in the trial court.

Dissolution of marriage, of which support obligations are a part, is a purely statutory action. Likewise are the procedures through which decrees and agree-

ments under the statutes are altered or modified. The measures authorized by the majority serve to modify the court's order in disregard of the statutory procedure. The majority appears to acknowledge this but believes it just and fair to permit the noncustodial parent, both retroactively and prospectively, unilaterally to alter the terms of the decree.

The statutory scheme, however, authorizes modifications of court orders only upon certain findings. Section 452.370, RSMo Supp.1990, provides that: "... [T]he provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." The statute clearly requires a court to consider all financial resources of both parties in determining whether a substantial change in circumstance has occurred. *See* § 452.-370.1. The receipt of Social Security disability benefits is only one circumstance to be considered. Once the court has made the determination that a substantial change in circumstance has occurred, the court is further directed to modify the existing order only after due consideration of a variety of factors concerning the needs and resources of the child and the parents. *See* §§ 452.370.2; 452.340; *Rule 88.01.* The statutory scheme clearly requires that a court confer its approval upon any change in child support orders.

The majority's holding is premised on the assumptions that the payment may be considered to have been made by the obligor *and* that the obligor's income is not increased as a consequence of the receipt of the disability benefit that the obligor himself receives. While the second assumption may be correct in a majority of the cases, it is not always correct, and the majority acknowledges that there is no evidence in this case of Robert's earnings prior to his disability. To proceed in disregard of the legislative mandate is, therefore, not possible.

The majority perceives the requirement of a modification proceeding to be "harsh and unjust." The harshness, if it is that rather than a means of protecting the child's interests, derives from legislative enactment, not as a consequence of judicial policy-making. Since the legislature has spoken on the subjects of abatement, see §§ 452.340.2 and 452.340.6, RSMo Supp. 1990, as well as modification, and has not excepted any amounts provided by Social Security, this Court is constrained to follow.

Finally, there remains for acknowledgment § 452.345.2, RSMo Supp.1990, which authorizes the court to order support payments to be made to the circuit clerk as trustee for remittance to the person entitled to receive the payments. A substantial number of child support payments are made to the circuit clerk under the authority of this statute. The circuit clerk should be neither burdened nor authorized to determine the validity of the plain terms of the court decree.

The circuit court correctly declared the applicable law and applied the law to the facts. The order of the circuit court must be affirmed.