**Lola Howell HOPKINS, Respondent,**

v.

**Michael J. HOPKINS, Appellant.**

No. 62346.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 10, 1993.

Joseph L. Racine, Racine, Aylward, Jacobs & Brough, Clayton, for appellant.

Michael J. Hopkins, pro se.

KAROHL, Judge.

Father, Michael Hopkins, appeals from denial of his motion to modify a dissolution decree. Father sought to reduce the $500 per month child support for his nine year old daughter. The award was part of a 1988 dissolution decree. The motion court found "there has [not] been evidence of a

substantial and continuing change in [Father's] ability to provide child support" so as to make the terms of the decree unreasonable. Mother did not file a brief. We affirm.

The Hopkins were divorced on March 28, 1988. Mother was awarded primary custody of the parties' minor daughter. Father was ordered to pay $500 per month child support. At that time, Father was part owner of Builders Appliance Supply, where he also worked as a salesman. Father's income from the business was $43,350 in 1987; $46,404 in 1988; and $32,792 in 1989. In 1990, Father sold his share of the business for $30,000. He has received $10,000 of the sale price. He also received interest payments of $1,781 in 1990; $2,251 in 1991; and an estimated payment of $2,250 in 1992. At the time of the hearing, he had not yet received the latter payment. The motion court considered the remaining principal to be a part of the decree distribution of marital property and not income.

The sales agreement for the sale of Builders Appliance Supply contained a five-year covenant not to compete. This covenant restricted Father from selling wholesale builders equipment, but not from selling other products. From 1990 to 1992, Father filled out three employment applications for various delivery companies and three applications for bars/restaurants. In mid–1990, he began working as a bartender for Pio's Incorporated for $5.75 per hour plus tips. His income from bartending was $4,475 for six months of 1990; $11,838 in 1991; and $4,034 from January 1992 until the hearing on June 3, 1992. His most recent paycheck indicated a gross of $400.00 per week, a net of $250. He also received tips. Father also had minimal income from a partnership he began in October of 1991. In 1991, he received $224 from the partnership, and for the first five months of 1992, he received $166.

The motion court's order does not set forth specifics concerning its finding there was no substantial and continuing change

in Father's circumstances.[1] The order states:

> The court after considering the factors set forth in Section 452.370 R.S.Mo.1990 determines that a substantial change in circumstances has not occurred and, therefore, makes no modification of the child support award set forth in the Decree.

The factors set forth in § 452.370 include "all financial resources of both parties."

Father presents one point on appeal. He contends the motion court erred in "finding that there had not been a substantial and continuing change in circumstance with respect to the ability of the Appellant to pay child support as ordered in the original Decree of Dissolution." We find no error.

We will affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it goes against the weight of the evidence or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

Section 452.370 RSMo Cum.Supp. 1992 permits modification of a support decree "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Father has the "heavy burden of proving he is no longer able to support his children in the manner contemplated at the time of the Decree Dissolution." *Forhan v. Forhan*, 693 S.W.2d 164, 165 (Mo.App.1985).

"It is within the discretion of the trial court to impute income to the noncustodial parent according to what he could have earned by the use of his best efforts to gain employment." *Morovitz v. Morovitz*, 778 S.W.2d 369, 371 (Mo.App.1989) *cert. denied*, 494 U.S. 1085, 110 S.Ct. 1822, 108 L.Ed.2d 952, *citing Hogrebe v. Hogrebe*, 727 S.W.2d 193, 195 (Mo.App.1987).

The court told the parties, "I don't think that respondent is employed at the level at which he could obtain employment." Thus, it appears the court imputed income to

---

1. The court did not reach the issue of apportioning child support. This would have been a problem because it appears neither party filed a Rule 88 Form 14.

father in determining his circumstances had not changed. His income was less but his ability to earn was not reduced. This finding that father was under employed by choice was within the motion court's discretion given the evidence.

Father cites and relies on three cases where the court found a substantial and continuing change of circumstances. *Crooks v. Crooks*, 666 S.W.2d 33 (Mo.App. 1984); *Meadows v. Meadows*, 686 S.W.2d 558 (Mo.App.1985); *Davidson v. Davidson*, 786 S.W.2d 186 (Mo.App.1990). Those cases involved fathers who involuntarily lost the jobs they held at the time child support payments were ordered. Here, the motion court made no finding as to whether father voluntarily or by reason of economic necessity involuntarily sold his share of Builders Appliance Supply and left his job as a salesman. Here, defendant was working only 30 hours per week as a bartender. However, there was no compelling evidence he could not increase his earnings to the level necessary to afford the decreed child support. Further, Father had remarried and there is evidence of his present wife's employment and her ability to contribute capital to Father's business before sale.

We affirm.

CRANE, P.J., and CRAHAN, J., concur.