**Angela Brooke METZ by Jan METZ, Next Friend, and Jan Metz, individually, Plaintiffs/Respondents,**

v.

**Richard DEICHMANN, Defendant/Appellant.**

No. ED 74001.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 15, 1998.

Linda L. Roediger, St. Louis, for appellant.

Angela Metz, Jan Metz, New Port Richey, pro se.

ROBERT G. DOWD, Jr., Chief Judge.

Richard Deichmann (Father) appeals from the judgment entered in favor of Jan Metz (Mother) denying Father's motion to modify

child support. Father contends the trial court erred in denying his motion to modify child support because his social security disability benefits should be credited toward the child support amount. We reverse and remand.

On January 9, 1987, Mother and Father entered into a Consent Agreement awarding care and custody of their minor child to Mother and required Father to pay the sum of $23 per week as child support.

Subsequently, Father suffered head injuries and was declared totally disabled. Father is unable to work and receives social security disability as his sole income. Mother, on behalf of the minor child, receives social security benefits in the amount of $488 a month derived through Father's account.

Father filed a motion to modify child support based on substantial and continuing changed circumstances in accordance with Section 452.370, RSMo 1994. Father argued his social security disability benefits should be credited toward his child support obligation. Thus, the excess in social security benefits Mother receives on behalf of the minor child would negate his child support obligation. The trial court ruled against Father's motion and entered judgment for Mother. This appeal follows.

■ We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Hopkins v. Hopkins,* 859 S.W.2d 205, 206 (Mo.App. E.D.1993); *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Modification of child support depends upon certain findings. Section 452.370, RSMo 1994, provides that: "... [T]he provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." The statute clearly requires a court to consider all financial resources of both parties in determining whether a substantial change in circumstance has occurred. *See* Section 452.370.1.

■ Father contends his disability is a substantial and continuing change in circumstance and therefore is entitled to a modification of child support. Father argues the social security disability benefits can be credited toward his child support obligation. Father cites *Weaks v. Weaks,* 821 S.W.2d 503 (Mo. banc 1991), as controlling. We agree.

In *Weaks,* the Supreme Court of Missouri held that a parent charged with a support obligation is entitled to a credit toward that obligation for social security disability benefits derived through that parent's account. *Id.* at 505–506. The Court found that the purpose of social security disability payments is to replace income lost due to the recipient's inability to work. *Id.* at 506. The Court held it is inequitable to withhold a credit against the child support obligation. *Id.*

■ The benefits Mother received on behalf of the minor child were a substitute for Father's income and therefore can be credited to satisfy his support obligation. The trial court sided with the dissent in *Weaks* and erroneously declared the law. Therefore, the trial court's order denying Father's motion to modify child support is reversed. However, the receipt of social security benefits is only one circumstance to consider in deciding whether to modify the child support. *Weaks,* 821 S.W.2d at 506. The case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

KAROHL, J., and ROBERT E. CRIST, Senior Judge, concur.