**Mary SMITH, Respondent,**

v.

**Willie SMITH, Appellant.**

**No. ED 86913.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 3, 2006.

Michael A. Gross, St. Louis, MO, for Appellant.

Gloria J. McColloum, St. Louis, MO, for Respondent.

Before CLIFFORD H. AHRENS, P.J., and MARY K. HOFF, J., and NANNETTE A. BAKER, J.

OPINION

PER CURIAM.

Willie Smith, Jr. (Father) appeals from the trial court's judgment of modification of judgment of dissolution of marriage (judgment) denying his Motion to Modify Judgment as to Child Support (Motion) requesting a decrease in the amount of his child support obligation for Miaya Smith (Daughter). Father contends the trial court erred in denying his Motion by not crediting Father's child support obligation for the Social Security benefits received by Daughter because of Father's disability and finding no substantial change in circumstances to justify a decrease in the amount of Father's child support obligation. We reverse and remand.

changes to her work conditions were not substantial.

*Facts*

Father and Mary Smith (Mother) were married on August 5, 1972. Three children were born of the marriage. The parties' marriage was dissolved in 1981 by a Judgment of Dissolution of Marriage (1981 Judgment of Dissolution), which awarded Mother the general care, custody, and control of the children, ordered Father to pay Mother child support of $25.00 per child per week, and awarded Father periods of temporary physical custody and visitation.

In 1998, the trial court entered an order and judgment modifying the 1981 Judgment of Dissolution (1998 Modification). At that time, the two eldest of the parties' children were emancipated, but the trial court found Daughter to be unemancipated because she was incapacitated by a disability. Because of her incapacity, Daughter continued to live with Mother, which entitled Mother to child support for Daughter past the normal age of emancipation. In the 1998 Modification, the trial court: ordered Father to continue to pay child support for Daughter indefinitely, pending further court orders; adjusted Father's support obligation for Daughter to $300.00 per month; and ordered Father to maintain health insurance for Daughter and to pay half of Daughter's uninsured medical expenses.

In October 2004, the Social Security Administration determined that Father had become totally disabled and was unable to work. Consequently, in May 2005, the Social Security Administration began to pay Father disability benefits of $1,307.00 per month. Prior to May 2005, Mother had received $543.00 per month from the Social Security Administration for Daughter's support as a result of Daughter's disability. When Father began receiving disability benefits, the Social Security Administration terminated its benefit payment to Mother for Daughter's disability and instead began paying benefits of $653.00 per month to Mother for Daughter's support as a result of Father's total disability.

Father subsequently filed his Motion to modify the 1998 Modification alleging that a substantial and continuing change in circumstances had occurred, namely his permanent total disability and inability to work, and requesting a decrease in the amount of child support for Daughter. Father and Mother stipulated to several facts before the trial court, including: the amount and source of Father's monthly income; the amount and source of Mother's monthly income; that, since May 2005, Mother had been receiving $653.00 per month in Social Security disability benefits for Daughter's support as a result of Father's total disability, which replaced the monthly payment of $543.00 in Social Security benefits for Daughter's support due to her own disability; the cost of daycare for Daughter; and Mother's monthly medical insurance expenses for Daughter.

After a hearing on Father's Motion in which evidence was adduced, the trial court issued findings of fact and conclusions of law and entered its judgment denying Father's Motion. Before calculating Father's presumptive support amount, the trial court calculated Father's monthly gross income by adding 21 percent to the amount of Social Security disability benefits Father received because those benefits were not subject to federal or state income taxes. The trial court thereafter found that, pursuant to the Missouri Child Support Guidelines, Rule 88.01, and based on the statements of property and income filed by the parties, the parties' collective child support obligation toward Daughter totaled $899.00 per month. The trial court also found that Father was responsible for 49.8 percent and Mother was responsible

for 50.2 percent of the total support amount and that Father's presumptive support amount was $527.50.[1] The trial court further found that no substantial and continuing change in circumstances had occurred since the 1998 Modification; thus, Father was not entitled to a decrease in his child support obligation. The trial court ordered that Father continue paying Mother $300.00 per month from Father for Daughter's support but also ordered that the amount payable be reduced by $110.00 per month "as a result of the monthly benefits received by [Mother] from Social Security as a result of [Father]'s disability."[2] The trial court explained that the child support payable for Daughter was not determined in accordance with the Missouri Child Support Guidelines of Rule 88.01, "which would, after considering all relevant factors, be unjust and inappropriate."[3] Father now appeals from this judgment.

## Standard of Review

We review a trial court's adjudication of a motion to modify child support to determine whether the judgment is supported by substantial evidence, whether it is against the weight of the evidence, and whether it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## Point I

◼ In his first point on appeal, Father claims the trial court erred in denying his Motion by misapplying the law governing the treatment of Social Security benefits paid for a dependent child on behalf of that child's disabled parent. Father argues that: 1) under Missouri law, he should be given a credit toward his child support obligation for his Social Security disability payments; and 2) the payments to Mother for Child's benefit made by the Social Security Administration exceed the amount Father is obligated to pay for Child's support under any calculation.

This Court recently held that a parent who receives Social Security disability benefits, has a child support obligation, and whose child receives Social Security benefits as a result of the parent's disability is entitled to a credit toward his child support obligation for the full amount of the benefits received by the child. *Holtgrewe v. Holtgrewe*, 155 S.W.3d 784, 786–87 (Mo. App. E.D.2005). In that case, we relied on the Supreme Court's decision in *Weaks v. Weaks*, 821 S.W.2d 503 (Mo. banc 1991), which established the rule in Missouri on this issue:

In *Weaks*, the Missouri Supreme Court held that social security benefits

---

1. This Court makes no determination as to whether Father's presumptive support amount was calculated properly.

2. On this issue, the trial court referenced a previous portion of its judgment, paragraph 14(f), which stated:
   Assuming, *arguendo*, [Father's] disability and [Mother's] resultant loss of [Daughters'] disability benefits should not reduce the amount of "third party" funds received by [Mother] for support of [Daughter], especially since [Father] receives tax free disability benefits for himself of $1,307.00 per month, Father would be required to pay to Mother the sum of $190.00 per month.

3. The trial court found that the Missouri Child Support Guidelines, Rule 88.01, presumptively required Father to pay Mother $527.50 per month for Daughter's support, which was more than the $300.00 per month Father had been ordered to pay in the 1998 Modification. The trial court concluded that, although Mother had filed a motion to dismiss Father's Motion in which she requested the trial court to dismiss Father's Motion and for "such other relief as this Court may deem just and proper[,]" Mother's request did not constitute a request for affirmative relief that would permit the trial court to increase the amount payable by Father for Daughter's support.

paid for children for the disability of the parent obligor were to be credited, dollar for dollar, against the obligor's support amount. In reaching its decision, the court noted that the purpose of social security disability payments is to replace income lost due to the recipient's inability to work, and, therefore it would be inequitable to withhold a credit against the child support obligation where the party charged with a support obligation may have no ability to satisfy that obligation other than through the governmental disability payments. *Id.* at 506. The key fact is that the benefits paid to the children are derived from the funds "earned" by the contributor and the person seeking the credit has contributed the funds through deductions of wages. *Id.* at 506. Thus, it is the parent charged with a support obligation that is entitled to a credit toward that obligation for social security benefits *derived through the parent's account.*

*Holtgrewe,* 155 S.W.3d at 786 (citing *Weaks,* 821 S.W.2d at 506) (emphasis in original).

Here, the purpose of the social security benefits received by Mother for the benefit of Daughter as a result of Father's total disability was to replace income lost due to Father's inability to work. The benefits were derived from Father's social security account, and it was Father who faced "a reduction of income, financial uncertainty, physical or mental impairment and other attendant consequences of his disability." *Adams v. Adams,* 108 S.W.3d 821, 830 (Mo.App. W.D.2003) *quoting Weaks,* 821 S.W.2d at 506. Accordingly, it would be inequitable to withhold a credit against Father's support obligation because that obligation was met through the payment of funds Father previously contributed to the Social Security system. Because Daughter received $653.00 per month in Social Security payments because of Father's dis-

ability, and this amount exceeded Father's presumptive support amount, Father was entitled to credit against his child support obligation for the Social Security payments made for Daughter. *Weaks,* 821 S.W.2d at 507.

Furthermore, the trial court made conflicting findings of fact and conclusions of law in its judgment denying Father's Motion. The trial court's calculation of child support pursuant to Form 14 is the child support to be awarded unless the trial court finds, after considering all relevant factors, that the presumed amount is unjust or inappropriate. Rule 88.01. Using Rule 88.01, the trial court considered: Father's decreased income resulting from his total disability, adding 21 percent for federal and state income taxes as Father's disability income was not taxed; Father's income from other sources; Mother's income; various child care and tax credits; and insurance costs. On this basis, the trial court thereafter found that the parties' collective child support obligation was $899.00 per month and that Father's presumptive support amount was $527.50 and that Father was responsible for 49.5 percent of Daughter's support while Mother was responsible for 50.2 percent. The trial court further stated "The child support payable for the minor child, as aforesaid, has not been determined in accordance with, and pursuant to, the Missouri Child Support Guidelines (Rule 88.01), which would, after considering all relevant factors, be unjust and inappropriate." Here, after considering all factors, the trial court determined that Mother was responsible for a greater percentage of Daughter's support than Father. Moreover, Daughter receives $653.00 per month from the Social Security Administration derived from Father's Social Security account (credited toward Father's child support obligation), more than either the presumptive

amount of child support ($527.50) or the child support the trial court ordered Father to pay ($190.00). The trial court erred in not fully crediting Father's child support obligation for the Social Security benefits received by Daughter due to Father's disability. Point granted.

### Point II

In his second point on appeal, Father claims the trial court erred in denying his Motion because the trial court's finding that no substantial and continuing change in circumstances had occurred was not supported by the evidence and was against the weight of the evidence. Father argues that the evidence established: 1) Father had become totally disabled since the entry of the 1998 Modification; and 2) the Social Security Administration had begun making payments for Daughter's support that exceed Father's support obligation under any reasonable calculation.

The decision whether to modify a child support award is within the discretion of the trial court, and will be set aside only for an abuse of discretion or misapplication of the law. *Selby v. Smith*, 193 S.W.3d 819, 824 (Mo.App. S.D.2006). The provisions of any decree regarding child support or maintenance can be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. Section 452.370 RSMo 2000. "The receipt of social security benefits is only one circumstance to consider in deciding whether to modify the child support." *Metz ex rel. Metz v. Deichmann*, 982 S.W.2d 781, 782 (Mo.App. E.D.1998) (citing *Weaks*, 821 S.W.2d at 506).

In this case, the record establishes that Father became totally disabled and began receiving Social Security disability benefits and suggests that Mother's income increased *after* the 1998 Modification. Be-

cause of our disposition regarding Father's child support credit for Social Security benefits and the limited record before us, we reverse and remand Father's motion to modify child support for further proceedings consistent with this opinion.