CITY OF ST. JOSEPH, MISSOURI and, Buchanan County, Missouri, Respondents,

v.

ST. JOSEPH RIVERBOAT PARTNERS, Appellant.

No. WD 63276.

Missouri Court of Appeals, Western District.

Aug. 31, 2004.

Stephen James Briggs, St. Joseph, for Appellant.

Theodore Stephen Leo, Dwight K. Scroggins, Jr., St. Joseph, for Respondent.

RONALD R. HOLLIGER, Judge.

St. Joseph Riverboat Partners ("Partners") appeal the judgment of the trial court upon the declaratory judgment action brought by the City of St. Joseph, Missouri, and Buchanan County, Missouri, ("Lessors"). Partners claim that the trial court erred in finding that the construction of the City's proposed "riverfront trail" on property leased to Partners did not violate an express covenant of quiet enjoyment under the lease, as that issue was not properly before the trial court. We agree, and reverse the judgment below in part, to the extent that the trial court made findings regarding that issue.

### Factual And Procedural Background

The present controversy arose from a declaratory judgment action filed by Lessors to determine whether a lease of real property with Partners included a particular tract of land known as the "Weaver Tract." Because the lease contained a right of first refusal to develop the land under the lease the Lessors also sought a declaration of whether a "riverfront trail" would trigger Partners' right. That trail would traverse two tracts of land, including the "Weaver Tract." The Weaver Tract is a strip of land bordering the Missouri River, located to the north of the "Riverfront Park" which was the location of the former mooring site of the riverboat casino. The second tract of land, the "Wetlands Tract," is an adjoining tract of land bordering the river that lies to the north of the Weaver Tract, lying between that tract and a parking lot situated south of the tract of land where the casino is presently located. This second tract of land is not involved in the present litigation.

Partners leased certain property, including the Weaver Tract, from the City and Buchanan County, for the purpose of developing the land in support of their casino operations. Under the original lease, Partners were under the obligation to develop the Weaver Tract for casino support services. In 1996, Partners decided to move the casino to another parcel of land further to the north. Around that time, the lease agreement was amended to provide for the reversion of certain tracts of land back to the Lessors. The parties subsequently disagreed as to whether the Weaver Tract was excluded from the land that reverted back to the Lessors. The lease did, however, remove the preexisting requirement that Partners make certain infrastructure improvements to the Weaver Tract. Lessors claim that, in the inter-vening years, Partners have made no effort to utilize or develop that tract of land.

Subsequently, the City decided to construct a riverfront trail, a substantial portion of which would traverse the Weaver Tract. Partners objected to the construction of the trail, arguing that it still held a lease to the property and that it was entitled to a right of first refusal to develop the property under the lease. The City contended that the Weaver Tract was no longer covered by the lease, and, even if the lease still applied to the property, that construction of the trail did not constitute "development" of the land sufficient to trigger Partners' right to first refusal.

Unable to resolve the dispute, City brought the present declaratory judgment action seeking to resolve those two questions. As Buchanan County was also a joint lessor of the property, they were subsequently joined as a plaintiff in the proceedings below.

The matter proceeded to trial on a stipulation of facts. The trial court found that Partners' lease included the Weaver Tract. It concluded, however, that the proposed riverfront trail did not constitute "development" of the land within the meaning of the lease agreement and did not, therefore, trigger the Partners' right of first refusal. It also found that the Lessors had the authority to make improvements to the property, provided that the improvements would not interfere with Partners' use of the property or frustrate the purpose of the property. It also found that the riverfront trail would not disrupt or interfere with Partners' use of the Weaver Tract and that the trail would not breach the express covenant of quiet enjoyment contained within the lease agreement.

Partners now appeal the trial court's judgment. They do not contest the trial court's findings with regard to whether the construction of the trail triggered Part-

ners' right of first refusal to develop. Instead, they challenge only the trial court's determination that the construction of the trail would not violate the express covenant of quiet enjoyment contained within the lease.

### DISCUSSION

■ Our review of a declaratory judgment applies the same standard as that used in any other court-tried case. *Levinson v. State*, 104 S.W.3d 409, 411 (Mo. banc 2003). We will affirm the judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously applies or declares the law. *Id.*

Partners raise two points on appeal. In their first point, they contend that the trial court erred by finding that a "riverfront trail" would not violate its covenant of quiet enjoyment, because it did not have jurisdiction to consider that issue because it was not submitted to the court for determination. Second, Partners argue that the trial court erred in its finding that a "riverfront trail" would not violate the covenant of quiet enjoyment because there was no evidence before the court regarding the trail.

■ "The purpose of a pleading is to limit and define the issues to be tried in a case and [to] put the adversary on notice thereof." *Memco v. Chronister*, 27 S.W.3d 871, 875 (Mo.App.2000). Reviewing the pleadings in this matter, it quickly becomes apparent that neither the Lessors nor the Partners in their counterclaim requested that the trial court determine whether the riverfront trail would violate the express covenant of quiet enjoyment contained within the lease agreement. While the Lessors' petition for declaratory judgment does ask the trial court to determine "the rights and responsibilities of each party with regard to the property

leased," that language was employed with regard to the Lessors' request that the trial court determine whether the construction of the riverfront trail would trigger Partners' right of first refusal to develop. We conclude that the pleadings did not raise the issue of whether the riverfront trail would violate the express covenant of quiet enjoyment contained within the parties' lease.

We must ask the question, however, whether the issue was tried by express or implied consent of the parties. The record reveals that the parties did not expressly agree to try the issue. There is nothing in the record to indicate that the parties expressly agreed to try that issue. Indeed, the transcript of the parties' arguments before the trial court makes clear that the issues before the trial court were whether the Weaver Tract was subject to the lease and whether the construction of the trail would trigger Partners' right of first refusal to develop. Partners' counsel, on at least one instance, stated that the issue of whether the trail would breach the express covenant of quiet enjoyment was not before the court.

■ Was the issue placed before the court by implied consent? The doctrine of trial by implied consent provides that issues not raised by the pleadings may be determined by the trial court when evidence is offered, without objection by any other party, bearing solely on that issue. *See RPM Plumbing Mech., Inc., v. Jim Plunkett, Inc.*, 46 S.W.3d 60, 62 (Mo.App. 2001). Upon admission of such evidence, without objection, the pleadings are deemed amended. *See id.* at 63. However, the evidence in question cannot be relevant to any other issue before the trial court. It must bear solely on the new issue. *Id.*

■■ What evidence is relevant with regard to showing whether a covenant of

quiet enjoyment has been breached? To establish a breach of a covenant of quiet enjoyment, evidence must be presented that shows that lessee has been actually or constructively evicted from the leased premises. *See Shop 'N Save Warehouse Foods, Inc. v. Soffer,* 918 S.W.2d 851, 859 (Mo.App.1996). "A constructive eviction occurs, 'when the lessor, by wrongful conduct or by the omission of a duty placed upon him in the lease, substantially interferes with the lessee's beneficial enjoyment of the demised premises.'" *Ridley v. Newsome,* 754 S.W.2d 912, 915 (Mo.App. 1988) (quoting *King v. Moorehead,* 495 S.W.2d 65, 70 (Mo.App.1973)).

Here, Lessors direct us to no evidence adduced at trial bearing solely on the issue of whether the trail would substantially interfere with Partners' intended use of the land. The Lessors' brief on appeal contains considerable argument about how the trail would not constitute an actual or constructive eviction, as well as makes numerous factual claims, but cites to no evidence in the record on appeal in support of those claims. Of particular note, Lessors offered into evidence a map they contend shows the route of the trail. That map, however, shows only the Weaver Tract and surrounding parcels of land and does not show the route of the trail. There was no evidence offered with regard to the question of Partners' present, planned, or potential use of the property.

While the parties may have briefly discussed such matters in their arguments to the court, arguments of counsel are not evidence. *See Lester v. Sayles,* 850 S.W.2d 858, 864 (Mo. banc 1993). Simply put, there was no evidence offered by the parties that placed the issue before the trial court of whether the trail would breach the lease's covenant of quiet enjoyment. We conclude, then, that the issue was not tried by implied consent of the parties.

It follows, then, that the issue of whether construction of the riverfront trail would breach the covenant of quiet enjoyment under the lease was not properly before the trial court, and the court erred in making its finding that the covenant would not be breached by construction of the trail. Therefore, we grant Partners' first point on appeal. As that issue is dispositive, we need not address Partners' second point on appeal. The judgment below is, therefore, reversed in part to the extent that it makes findings and renders judgment with regard to the issue of whether the riverfront trail would breach the covenant of quiet enjoyment contained within the parties' lease agreement. In all other respects, the trial court's judgment is affirmed.

PAUL M. SPINDEN, Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.