Janice L. HOLTGREWE, Respondent,

v.

Glenn A. HOLTGREWE, Appellant.

No. ED 84274.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 18, 2005.

1.  Unless otherwise indicated, all further statutory references are to RSMo 2000.

Daniel J. Briegel, Union, MO, for appellant.

Paula Jean Meyer, Hermann, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Glenn A. Holtgrewe (Husband) appeals from the trial court's judgment and decree of dissolution of marriage from Janice L. Holtgrewe (Wife) denying child support to either party. Husband contends the trial court erred in not awarding him child support because the trial court incorrectly calculated its Form 14 by crediting both parties with social security benefits resulting from Husband's disability. We reverse and remand.

At the hearing on the parties' dissolution, Husband and Wife stipulated to the division of all marital property and debt. Husband and Wife also stipulated to joint legal and physical custody of the parties' two children, Devon, born October 11, 1991, and Jamie, born July 17, 1987, with the primary residence of Devon with Husband and the primary residence of Jamie with Wife. Pursuant to the stipulation, the only issue remaining for the trial court to determine was the parties' respective child support obligations.

At the hearing, Wife testified that she earns $12.45 per hour and that she consistently works forty hours per week. Wife further testified that it cost her $141.95 per month to provide health and dental insurance for the minor children and that she would continue to provide such insurance for the children.

Husband testified that he is disabled and receives disability income in the amount of $1,011.00 per month. Husband also testified that each of his two children receive $252.00 per month in social security benefits as a result of Husband's disability. Husband receives $252.00 per month for Devon and Wife receives $252.00 per month for Jamie.

After all the evidence was presented, the trial court entered its judgment and decree of dissolution of marriage approving the parties' stipulations. The trial court found that neither party was obligated to pay child support. In doing so, the trial court rejected the parties' respective Form 14 calculations and computed its own Form 14. In its Form 14 calculations, the trial court gave each party a $252.00 credit on line 10 of each of the forms, one form for Husband and one form for Wife, representing the social security benefit income which each party received per month as payee for the child in his or her respective primary placement. Thereafter, the trial court found the Form 14 calculations to be unjust and inappropriate pursuant to Rule 88.01, and found that neither party was required to pay the other child support.[1] Husband now appeals.

---

1. Rule 88.01 provides in pertinent part:

(b) There is a rebuttable presumption that the amount of child support calculated pur-

In his sole point, Husband contends the trial court erred in not awarding him child support. Husband asserts the trial court erroneously applied the parties' incomes and social security benefits on its Form 14 and in its application of Rule 88.01. Husband maintains the trial court incorrectly attributed social security benefits as a credit to Wife in its Form 14 calculation. We agree.

The standard for reviewing a judgment of dissolution is the same for reviewing any court-tried action. *Krost v. Krost*, 133 S.W.3d 117, 119 (Mo.App. E.D. 2004). The judgment must be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* (*citing Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

In its Form 14, the trial court attributed monthly income in the amount of $2,158.00 to Wife, based on $24.50 per hour for a forty-hour week, and in the amount of $1515.00 to Husband, disability income in the amount of $1011.00 plus $252.00 in social security benefits for each child. The trial court credited Wife $141.95 for insurance costs. The trial court also credited each party $252.00 for social security benefits as payee for the child placed in their respective primary custody. It is this credit that Husband argues the trial court incorrectly attributed to Wife citing *Weaks v. Weaks*, 821 S.W.2d 503 (Mo. banc 1991).

In *Weaks*, the Missouri Supreme Court held that social security disability benefits paid for children for the disability of the parent obligor were to be credited, dollar for dollar, against the obligor's support amount. *Id.* at 505–06. In reaching its decision, the court noted that the purpose of social security disability payments is to replace income lost due to the recipient's inability to work, and, therefore, it would be inequitable to withhold a credit against the child support obligation where the party charged with a support obligation may have no ability to satisfy that obligation other than through the governmental disability payments. *Id.* at 506. The key fact is that the benefits paid to the children are derived from the funds "earned" by the contributor and the person seeking the credit has contributed the funds through deductions of wages. *Id.* at 506. Thus, it is the parent charged with a support obligation that is entitled to a credit toward that obligation for social security benefits *derived through that parent's account. Id.* at 505–06.

Similarly, in *Adams v. Adams*, 108 S.W.3d 821 (Mo.App. W.D.2003), the husband sought to have the child's social security benefits included in the child support calculations. *Id.* at 829. The child received social security benefits due to the wife's disability. *Id.* The court stated, citing *Weaks*, that it was the wife's social security account from which the child's benefits were derived. Thus, the court held for it to have included the child's social security benefits in the husband's child support calculation would have had the effect of reducing the amount of child support being paid by the husband and the husband is not entitled to a credit for the amount of benefits the child receives due to the wife's disability. *Id.*

suant to Civil Procedure Form No. 14 is the correct amount of child support to be awarded in any judicial or administrative proceeding. Unless a request is filed pursuant to Rule 73.01(c), a written finding or a specific finding on the record by the court or administrative agency that the child sup-

port amount under a correctly calculated Form No. 14, after consideration of all the relevant factors, is unjust or inappropriate shall be sufficient in a particular case to rebut the presumption that the amount of child support so calculated is correct.

Here, like the wife in *Adams*, it is Husband's social security account from which the two children's benefits are derived. Given that the social security payments are intended to replace income from Husband, the trial court erred in giving a credit to Wife for the amount of benefits the child receives due to Husband's disability. Thus, the trial court erred in crediting Wife $252.00 in social security benefits towards her support obligation.

The judgment is reversed as to the trial court's child support award and is remanded for recalculation of the Form 14 child support amount. The case is remanded for further proceedings consistent with this opinion.

PATRICIA L. COHEN, P.J., and KATHIANNE KNAUP CRANE, J., concur.