Gertrude L. SCHINDLER, n/k/a
Gertrude L. Gower,
Appellant,

v.

James R. SCHINDLER, Respondent.

No. ED 87649.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 12, 2006.

Joshua E. Douglass, Bowling Green, MO, for appellant.

Joseph A. Brannon, New London, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Gertrude L. Schindler, n/k/a Gertrude L. Gower ("mother") appeals the judgment of the trial court terminating child support paid to her by James R. Schindler ("father"). Mother argues that the court erroneously credited father with social security benefits which the minor child does not receive, and the court erred in allowing father to testify regarding such benefits. Mother also claims the court erred in awarding father attorney's fees. We modify the judgment pursuant to Missouri Supreme Court Rule 84.14 and affirm the judgment of the trial court as modified.

The marriage of mother and father was dissolved in 1994. Pursuant to the judgment of dissolution, father was granted custody of the minor child R.E.S., and mother was granted custody of the minor child K.N.S. Both mother and father were ordered to pay support for the minor children. The support was subsequently modified, and ultimately mother's support obligation was terminated for R.E.S. because he was found to be emancipated. Father's support obligation was also modified. Several years after this modification, the Missouri Department of Social Services, Family Support Division ("division"), filed a motion to modify father's support obligation for K.N.S. The division was ultimately dismissed as a party, and father was allowed to adopt the motion to modify filed by the division. Mother filed an answer and counter petition to modify. The cause was heard by the court, and the court entered a judgment and decree of modification terminating father's child support obligation. Mother filed a motion for new trial or to amend the judgment. The court denied mother's motion for new trial, but did amend the judgment, correcting father's date of birth in the judgment. The amended judgment and decree of modification terminated father's support obligation. Such termination was retroactive, and the court awarded father a judgment against mother for the amount overpaid based upon the retroactive award. The court also ordered mother to pay $1,000.00 for father's attorney's fees. Mother filed another motion for new trial or to amend the judgment, which was denied by the court. The present appeal followed.

■ We will reverse the trial court's judgment on a motion to modify if the judgment is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Clark v. Clark*, 101 S.W.3d 323, 329 (Mo.App.2003). We view the evidence and all reasonable inferences therefrom in the light most favorable to the judgment of the trial court, and we disregard the evidence and inference to the contrary. *Id.*

■ In her first point, mother argues that the court erred in rejecting the Form 14s submitted by the parties and in terminating father's child support obligation. In the argument portion of her brief, mother's claim centers on the trial court's "crediting" father with $560.00 in social security benefits to K.N.S. that the minor child does not receive and is not eligible for. According to mother, the court improperly credited father with this amount.

She argues that our analysis ends with the fact that the minor child does not, and cannot receive father's social security benefits. We disagree.

The testimony of the parties at trial established that K.N.S. could have received $560.00 in social security benefits based upon father's disability. However, K.N.S. was already receiving $641.00 per month in benefits from her step-father based upon his disability. Mother applied for father's benefits for K.N.S., but was told that the child could not receive the benefits because she was already receiving a larger benefit from another person. Ultimately, the trial court determined that father should be credited with $560.00 in social security benefits. In light of this credit, the court found that the Form 14s submitted by the parties, which calculated the presumed child support amount to be between $200.00 and $256.00 per month, to be unjust and inappropriate. The court terminated father's child support obligation as a result.

In *Holtgrewe v. Holtgrewe*, 155 S.W.3d 784 (Mo.App.2005), this court addressed the issue of whether a parent charged with child support is entitled to a credit for social security benefits derived through that parent's account, and the rule in Missouri is clearly stated therein. In *Holtgrewe*, the court considered whether the trial court improperly credited the mother with social security benefits which were based upon the father's disability in its child support calculation. The court looked to the decision of the Missouri Supreme Court in *Weaks v. Weaks*, 821 S.W.2d 503 (Mo. banc 1991). The court noted that in *Weaks*, the Missouri Supreme Court determined that benefits paid for children based on the disability of the parent charged with the support obligation were to be credited "dollar for dollar" against the amount of child support owed. *Holtgrewe*, 155 S.W.3d at 786; (citing *Weaks*, 821 S.W.2d at 505–06). The court in *Weaks* noted that because the purpose of social security benefits is to replace income lost due to the disability of the recipient, it would be inequitable to deny that recipient a credit toward his or her child support obligation where he or she may not have the ability to satisfy the obligation other than through the disability payments. *Id.* The *Holtgrewe* court concluded that the parent charged with the support obligation is entitled to the credit toward that obligation for social security benefits derived through that parent's account, and therefore, the court had improperly credited the mother with the benefits derived from the father's disability. *Id.* at 787.

Although the facts in the *Holtgrewe* and *Weaks* cases are distinct from those in the present case, the rationale for crediting the parent charged with the support obligation with social security benefits paid to the child equally applies here. Father has a support obligation to the minor child; however, his income and ability to pay is derived solely from disability benefits paid through social security and medicare benefits. The trial court noted that the presumed amount of child support was between $200.00 and $256.00 per month based upon the Form 14s of the parties [1]. The amount of the benefits the minor child could receive from father's account exceeds even the highest presumed amount of father's child support obligation based upon the calculations of the parties. The fact that K.N.S. receives greater benefits based upon her step-father's disability

---

1. We have not been provided with a copy of mother's proposed Form 14 in the record on appeal. A Form 14 submitted by father was included in the record, and the presumed child support amount calculated therein was $247.00.

does not alter the fact that father's benefits could be received to satisfy father's child support obligation. As previously noted, father's sole source of income is through his social security and medicare benefits. It would be inequitable to deny father the credit toward his support obligation where he may not have the ability to satisfy the obligation other than through disability payments. *Holtgrewe*, 155 S.W.3d at 786; (citing *Weaks*, 821 S.W.2d at 505–06). Therefore, the court did not err in crediting father with the amount K.N.S. could have received from father's account.

■ However, the trial court did err in terminating father's child support obligation. As father concedes, the effect of the credit for father's social security benefits does not result in a true "termination" of his child support obligation. It merely applies to reduce his support obligation to zero. Thus, the trial court improperly terminated father's support obligation as a result of the credit for father's social security benefits. The trial court should have credited father with the amount of social security benefits K.N.S. could have received from his account and reduced father's child support obligation to zero accordingly instead of terminating the obligation. Pursuant to Rule 84.14, we may enter "such judgment as the court ought to give." As a result, the judgment of the trial court is modified to reflect the reduction of father's child support obligation to zero, retroactive to February 26, 2005.

■ In her second point, mother claims the court erroneously admitted testimony from father regarding the amount of social security benefits K.N.S. may have received. Mother argues that father's testimony was inadmissible hearsay.

Father responds to mother's claim by noting that no objection was made to the testimony, and mother failed to present this issue in her motion for new trial. Mother correctly notes that pursuant to Missouri Supreme Court Rule 78.07(b), because the cause was tried without a jury, it was not necessary to present the argument in a motion for new trial to preserve the matter for appellate review. However, mother was still required to object to father's testimony at trial in order to preserve the issue for our review. *Khan v. Gutsgell*, 55 S.W.3d 440, 442 (Mo.App. 2001) (citation omitted).

On direct examination, counsel asked father if he had personal knowledge of the amount K.N.S. would be receiving if she was receiving benefits only from father's account. Mother's counsel did not object to this question, and father stated that to his knowledge the amount was approximately $560.00 as of the previous year. Counsel again asked, without objection, if $560.00 was the amount K.N.S. would receive from him. Father replied, "[r]ight." Later, during cross-examination by mother's counsel, father was asked what his understanding was regarding the amount of benefits K.N.S. could receive based on father's disability. Father then referred to the yearly report sent by the Social Security office as the source of his knowledge of the amount, but acknowledged that he did not have the report with him. Only then did counsel object to the testimony as hearsay.

■ The failure to object to testimony waives any complaint about the admission of such testimony on appeal. *Szasz v. Tella*, 984 S.W.2d 129, 131–32 (Mo.App. 1998) (citation omitted). Moreover, a party waives his or her objection to the admission of evidence where the same or similar evidence is introduced by the objecting party. *Id.* at 132. Here, not only did mother fail to object to the testimony elic-

ited on direct examination about the amount of benefits K.N.S. could have received, but she also asked father about his understanding as to that amount on cross-examination. Mother cannot now argue that such testimony was improperly admitted. Point denied.

■ In her third and final point on appeal, mother argues that the court erred in awarding father attorney's fees in the amount of $1,000.00. She claims she did not engage in any action pending trial which would justify the award. Additionally, she claims she was the prevailing party.

■ The trial court has broad discretion with respect to its decision to award attorney's fees. *Clark,* 101 S.W.3d at 330. Section 452.355 RSMo (2000) provides that the financial resources of the parties must be considered, as well as the "merits of the case and the actions of the parties during the pendency of the action. . . ." We will not disturb the trial court's award of attorney's fees based on these considerations absent an abuse of discretion. *Clark,* 101 S.W.3d at 330. An abuse of discretion occurs where the trial court's award was so arbitrary and unreasonable and against the logic of the circumstances as to shock the sense of justice and indicate that the trial court did not carefully consider the decision. *Id.* at 331.

Here, there was substantial evidence in the record of the financial resources of mother and father. Father testified that his only income was from his social security benefits and medicare. This total monthly income was approximately $1201.00, according to father's testimony. Mother stated that she earns $436.00 per week, which totals approximately $1744.00 per month. In addition, mother is remarried, and her husband ("husband") has an income of roughly $5,000.00 per month from his social security benefits and from the Veteran's Administration. Husband testified that he pays for the heat, air conditioning, and utilities from his income. Mother acknowledged that her husband takes care of most of the expenses, such as the monthly mortgage on their house. Mother also stated that she receives a tax refund of about $5,000.00 each year.

It is clear from the record that mother had greater financial resources than father. Given the differing financial positions of the parties, we cannot conclude that the trial court abused its discretion in awarding father $1,000.00 in attorney's fees. Point denied.

The judgment of the trial court is modified, as previously stated, to reflect a reduction of father's child support obligation to zero, rather than a termination of his obligation. The judgment of the trial court, as modified, is affirmed.

GLENN A. NORTON, P.J., and KENNETH M. ROMINES, J., concur.