**Tara Michelle MELTON, Appellant,**

v.

**Timothy PADGETT, Respondent.**

**No. WD 66910.**

Missouri Court of Appeals,
Western District.

March 27, 2007.

Steven Andrew Fritz, Sedalia, for Appellant.

Timothy Padgett, Sedalia, Respondent Pro Se.

RONALD R. HOLLIGER, Judge.

In her sole issue on appeal, Tara Melton ("Mother") asks this court to reverse the trial court's finding that it is not in the best interest of her child to be relocated.

Because that issue was not raised by the pleadings nor tried by consent, the judgment below is reversed in part to the extent that it makes findings and renders judgment with regard to the issue of relocation. In all other respects, the trial court's judgment is affirmed.

### Facts/Procedural History

On October 18, 2005, Timothy Padgett ("Father") sought modification of a prior order of paternity so as to provide for specified periods of visitation with the parties' minor child. In response, Mother filed a counter motion to modify seeking an increase of child support and attorney fees. Father then filed an amended motion to modify seeking reduction of his child support obligation. After a hearing, the court modified its previous order and granted Father specified periods of visitation and increased his child support obligation. The court also made the following finding:

> The mother's proposed parenting plan sought to provide for the future removal of the child's residence to another state. That provision indicates that she now intends to move with her new husband when he transfers to another duty assignment. That parenting plan is a major reason for the litigation before the Court. *The Mother has not overcome her burden of establishing that it will be in the child's best interest to move with her to her new husband's duty station.* As such, that contingency provision cannot be included in the custody decisions made by the Court this date.

(Emphasis added.) Mother filed a motion to amend requesting that the trial court remove the above finding from its order, arguing that the parties never requested such a finding. After a hearing, the court declined this request, but did add the stat-utory mandated language regarding relocation required by RSMo. Section 452.377.

### Standard of Review

The judgment of the trial court shall be affirmed "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

### Analysis

■ Mother raises one point on appeal. She argues that the trial court erred in entering a finding regarding her possible future relocation of the child because the court was not authorized to make this finding in that the issue was not raised by the pleadings nor tried by consent.

■ " 'The purpose of a pleading is to limit and define the issues to be tried in a case and [to] put the adversary on notice thereof.' " *City of St. Joseph v. St. Joseph Riverboat Partners*, 141 S.W.3d 513, 516 (Mo.App. W.D.2004) (citation omitted). In this case, the pleadings reveal that neither party requested that the court determine whether it was in the best interest of the child to be relocated.

The next questions that must be answered are whether the issue of relocation was tried by either express or implied consent by the parties. There is nothing in the record to indicate that the parties expressly agreed to try the issue. The record makes clear that the issues before the court were (1) to establish a regular consistent time for visitation for Father; (2) Mother's request for an increase in child support; and (3) Mother's request for attorney fees. In fact, Father's attorney twice made reference to the fact that the case was not about relocation of the child. Rather, in his closing argument he stated

his belief that the case was about attorney fees and the Father's visitation rights.

 "The doctrine of trial by implied consent provides that issues not raised by the pleadings may be determined by the trial court when evidence is offered, without objection by any other party, bearing solely on that issue." *Id.* This evidence "cannot be relevant to any other issue before the trial court [and] must bear solely on the new issue." *Id.* The record establishes that the topic of relocation came up during settlement negotiations prior to trial. Mother had requested that a provision be added into the parenting plan acknowledging that Mother's new husband was in the Air Force and is subject to transfer outside of Missouri and that Mother and Father would endeavor to agree to a modification of Father's visitation if such transfer took place. Mother did not propose this provision at trial. The record also establishes that the issue of relocation was relevant to the issue of Father's visitation request because he stated that because there was no specific visitation set for Father, he worried about Mother's new husband being transferred and taking the child with them. Therefore, Father filed the action to ensure that he had specific visitation times and it would be less likely that Mother could remove the child out of state. Mother's attorney used the evidence regarding relocation to bolster her claim for attorney fees, arguing that the only reason that Father filed his motion to modify was to prevent her from possibly relocating and in retaliation for her getting remarried. *See Crawford v. Crawford,* 986 S.W.2d 525, 533 (Mo.App. W.D.1999) ("One factor to consider in awarding attorney fees to a party is the extent to which the other party's conduct required the expense of attorney's fees.") (internal quotation marks and citation omitted). It is apparent, that the issue of relocation was being offered as relevant evidence to other issues in the trial and, therefore, was not tried by implied consent.

In sum, the issue of whether relocation of the child was in the child's best interest was not properly before the trial court, and the trial court erred in making its finding that Mother failed to overcome her burden of establishing that it will be in the child's best interest to relocate. As such, the judgment below is reversed in part to the extent that it makes findings and renders judgment with regard to the issue of relocation of the child. In all other respects, the trial court's judgment is affirmed.

PATRICIA A. BRECKENRIDGE, Presiding Judge, and THOMAS H. NEWTON, Judge, concur.