**Cynthia PATZ, Petitioner/Respondent,**

v.

**Conrad PATZ, Respondent/Appellant.**

No. ED 99283.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 20, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 8, 2013.

Application for Transfer Denied
Nov. 26, 2013.

Jonathan D. Marks, Creve Coeur, MO, for appellant.

Mary Ann Weems, Clayton, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Conrad Patz (Husband) appeals from the trial court's judgment in favor of his former spouse, Cynthia Patz (Wife), on their respective motions to modify child support and maintenance. We affirm.

## Background

The parties married in 1980 and had three daughters, born in 1987, 1989, and 1996, respectively. Wife was a massage therapist but stopped working when the first child was born. She was a homemaker and home-schooled the children for the remainder of the marriage. The parties divorced in 2003. At the time, Husband earned $5,893 per month as a contractor. The trial court imputed Wife's monthly income at $1,100. The court awarded joint legal custody; Wife received primary physical custody, and Husband was ordered to pay $1,200 per month in child support and $600 in spousal maintenance.

In 2010, Husband filed a motion to modify child support and spousal maintenance alleging changed circumstances, specifically the emancipation of the eldest daughter, Husband's sporadic employment, and Wife's receipt of Husband's social security benefits for the children. Husband also sought reimbursement from Wife for half of the children's medical expenses. Wife filed a cross-motion to modify agreeing to an adjustment in child support, opposing any change in maintenance, and seeking attorney fees. In 2011, the parties' middle child also became emancipated, and the youngest moved to reside with Husband.

The trial court heard the parties' motions in 2012. Wife testified that she was residing with her middle daughter and working full time as an in-home care-giver earning $10 per hour without benefits. Her net monthly income, including maintenance, was $2,326, and her living expenses were $2,895 per month. Husband testified that his monthly income was $5,123 (of which $1,461 was social security) and his monthly expenses, including maintenance to Wife, were $3,910. Husband also adduced a spreadsheet recording, from January 2009 to June 2012, his income from various sources (i.e., earnings, unemployment, social security), amounts received by Wife from Husband's social security benefits for the children, and amounts paid

from Husband to Wife for support and maintenance. Husband acknowledged arrears of $6,986 as of December 2010.

The trial court recognized the emancipation of the two older daughters and calculated support for the youngest daughter pursuant to Form 14 in the amount of $398 payable from Wife to Husband, as custodial parent. However, the court deemed that amount unjust and inappropriate in that Husband already received social security benefits for the child, so the court awarded no child support. The court also preserved maintenance for Wife at $600 per month, ordered Husband to pay $9,297 in arrears and $3000 in attorney fees, and ordered Wife to reimburse Husband $556 for her half of medical expenses for the children.

Husband appeals, asserting the following points of error: (1) Missouri law does not allow courts to credit one parent for the other's social security benefits for a child; (2) Wife's increased income and self-sufficiency constitute changed circumstances warranting a reduction in maintenance; (3) the issue of arrears was beyond the pleadings; and (4) the amount of arrears fails to account for periods of unemployment.

## Standard of Review

■ Appellate review of a trial court's judgment modifying a dissolution decree is guided by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), and thus limited to determining whether the judgment is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *In re Marriage of Lindhorst*, 347 S.W.3d 474, 476 (Mo. banc 2011) (examining a motion to modify child support and maintenance). As the parties did not request specific findings, all facts are considered as having

been found in accordance with the result reached. Rule 73.01(c).

## Discussion

### Child Support

■ For his first point, Husband contends that the trial court erred as a matter of law by relieving Wife of her child support obligation based on Husband's receipt of benefits from his social security account for the child in his custody. Missouri precedent supports Husband's position.

In *Weaks v. Weaks*, 821 S.W.2d 503 (Mo. banc 1991), the Missouri Supreme Court held that a father receiving benefits was entitled to a credit for benefits paid to the mother for the children from *his* social security account. The "key fact is that the benefits paid to the children are derived from funds 'earned' by the contributor. The person seeking the credit has contributed to the fund through deductions from wages." *Id.* at 506. This court examined the converse situation in *Holtgrewe v. Holtgrewe*, 155 S.W.3d 784 (Mo.App.2005). There, as here, the trial court credited the mother for benefits derived from the father's social security account. This court reversed. "Given that the social security payments are intended to replace income from Husband, the trial court erred in giving a credit to Wife for the amount of benefits the child receives due to Husband's disability." *Id.* at 787. This result is consistent with *Adams v. Adams*, 108 S.W.3d 821 (Mo.App.2003). There, the father sought a credit for the mother's benefits for the children. The trial court refused and the Western District affirmed, reasoning, "for the court to have included [the child's] social security benefits in Husband's child support calculation would have had the effect of reducing the amount of child support being paid by Husband." *Id.* at 830. The foregoing cases clearly instruct that a trial court may not relieve a

parent of her child support obligation by virtue of the other parent's social security benefits for the child. Thus, we must conclude that the trial court erred by doing so here.

However, our concern is whether the trial court reached the correct result. If it did, we affirm, even if the judgment rests on erroneous reasoning. *In re Marriage of Boulch,* 645 S.W.2d 374 (Mo.App. 1983). Such is the case here. Husband conceded in his testimony that he was not seeking child support from Wife but intended to assume full financial responsibility for their youngest child. Although a parent cannot waive future child support without court approval (*Mora v. Mora,* 861 S.W.2d 226 (Mo.App.1993)), here the court's judgment awarding no support demonstrates its acceptance of Husband's waiver and its implicit finding that the child's needs were already being adequately satisfied by Husband without additional contributions by Wife. Thus, despite the court's reasoning, it reached the correct result. Point denied.

*Maintenance*

For his second point, Husband submits that the trial court abused its discretion by preserving the maintenance awarded to Wife under the original decree, namely $600. Husband argues that Wife's increased income, diminished parental responsibilities, and self-sufficiency constitute changed circumstances warranting a reduction in or termination of maintenance.

Section 452.370.1 states that maintenance "may be modified only upon a showing of changed circumstances so substantial and continuing as to make the [original] terms unreasonable." § 452.370.1. A change in circumstances rises to the requisite statutory level when it renders the obligor spouse unable to pay maintenance at the assigned rate or when the recipient of the support could meet her reasonable needs with a lesser amount. *Laffey v. Laffey,* 72 S.W.3d 143, 148 (Mo. App.2002). An increase in the income of the spouse receiving maintenance is a relevant factor but does not alone compel modification. *Id.* The ultimate issue remains whether the changes are sufficiently substantial and continuing so as to make the original terms of the decree unreasonable. *Id.* The statute gives the trial court considerable discretion, and it is the appellant's burden on appeal to demonstrate an abuse of that discretion. *Adams v. Adams,* 51 S.W.3d 541, 546 (Mo.App.2001).

Husband emphasizes that Wife's income has doubled from $1,100 imputed to her in 2003 to $2,253 as found by the trial court in these modification proceedings. Further, Husband claims that Wife could earn more but chooses not to, and that her passivity alone constitutes grounds for modification. See *Haynes v. Almuttar,* 25 S.W.3d 667, 674 (Mo.App.2000) (failure to make a good faith effort to achieve financial independence within a reasonable time may form a basis for modification).

Wife disputes Husband's claim that she could earn more money if she simply made the effort. She testified that, although she previously worked as a massage therapist, a thumb injury now hinders that work, and moreover the demand and income are sporadic, whereas her current position offers consistency and a predictable income. Wife also testified that she often works overtime beyond her typical 48–hour work week, sometimes up to 75 hours per week, in order to make ends meet. When asked if she had any other ability to earn money, Wife replied, "No, that's why I am doing the [caregiver] job." Although she had office skills "years ago" (before becoming a homemaker in 1987), "the world has changed a lot since then."

Viewing the facts as having been found in accordance with the result reached, we

can infer that the trial court accepted Wife's testimony and rejected Husband's claim that Wife was voluntarily under-employed. The financial facts in record demonstrate that Wife's income ($2,253) falls short of her reasonable needs ($2,875), while Husband's income ($5,123) exceeds his expenses ($3,910 *including* maintenance) by $1,213. Guided by the principles articulated in *Laffey*, we cannot say that the trial court abused its broad discretion by preserving the original maintenance award. Point denied.

*Arrears*

■ For his third point, Husband submits that the trial court erred by ordering him to pay Wife $9,297 in arrears in maintenance and child support. He argues that the trial court lacked authority to grant such relief because Wife didn't request it in her pleadings and Husband didn't agree to try the issue by consent.

■ To the extent that a judgment goes beyond the pleadings, it is void. *Smith v. City of St. Louis*, 395 S.W.3d 20, 24 (Mo. banc 2013). However, Rule 55.33(b) allows for the pleadings to conform to the evidence when a new issue is tried by express or implied consent. *City of St. Joseph, Mo. v. St. Joseph Riverboat Partners*, 141 S.W.3d 513, 516 (Mo.App. 2004). The implied consent rule applies only when evidence is offered, without objection, bearing solely on the new issue, without bearing on other issues in the case. *Id.*

Wife concedes that she did not seek arrears in her pleadings. The parties' central dispute is whether the spreadsheet introduced by Husband documenting his income and child support and maintenance payments from 2009 to 2012, in addition to his testimony explaining the particulars, amounts to acquiescence. Husband rejects such a characterization, claiming that the spreadsheet and his testimony about it

served only to chronicle periods of unemployment and his corresponding inability to pay support and maintenance, all for the sole purpose of litigating modifications, as raised in the pleadings.

Wife directs attention to several excerpts of the record demonstrating Husband's clear intention to raise the issue of arrears. We note the following from Husband's testimony:

Q: At the time you originally filed this motion to modify, was there concern regarding arrearage?

A: Yes.

Q: Had you received anything that caused you to be concerned about monies owed to your ex-wife?

A: Not until after I had filed the motion.

Q: Did you know that there was ... an issue with arrearage?

A: Yes.

. . .

Q: And finally, the final column indicates "amount owed to petitioner." Can you tell us, please, what is represented by the numbers in that column?

A: Those are the amounts that I figure that I owe her, based upon the amount due, minus what she had received in social security payments for [the youngest child] and what I had paid her.

Q: So that's your calculation of the arrearage or the money owed; is that correct?

A: Yes.

Q: ... During this time between January of '09 to present, were there periods of time during which you were unemployed?

A: Yes.

Q: And about how many months were you completely unemployed during those three years?

A: Seven months in 2009 and ten months in 2011.

Q: And those ... when I say "unemployed," those were periods of time during which you didn't have a contract, is that correct?

Q: At any point did you petition the court to amend maintenance, or to amend dollar amounts owed to your wife during your periods of unemployment?

A: No.

Q: Are you asking that the court consider taking into account those periods of unemployment when calculating arrearage now?

A: Yes.

. . .

Q: Can you tell us what those stars or those little notations signify?

A: Those are the months in which [the youngest child] resided with me.

Q: And those are the months during which you believe that you should be entitled to at least a credit for child support that was not paid during those months, is that correct?

A: Yes.

Q: And are you asking the court to consider that when considering any arrearage owed or monies owed by you?

A: Yes.

In addition to the foregoing, the spreadsheet itself contains proposed figures for the trial court in calculating arrears. It states:

Requested maintenance credit for 6 months × 600 = 3600.

Total proposed due (if court finds previous maintenance agreement unenforceable): 1088.

Furthermore, Wife raised the issue of arrears during her own testimony without objection from Husband. Specifically, Wife indicated that she would accept $6,000 as full payment of Husband's arrears. This record fully supports the trial court's treatment of this issue as tried by consent of the parties. Point III is denied.

*Calculation of Arrears*

 Finally, for his fourth point, Husband challenges the trial court's judgment as to the amount of arrears ordered payable to Wife, specifically $9,297. Husband submits that the court should have credited him for periods of unemployment and reduced the award accordingly. In support of his position, Husband cites *Hall v. Hall*, 53 S.W.3d 214 (Mo.App.2001), where the trial court denied a mother's motion for contempt because the father's financial circumstances rendered him unable to pay. While sound on its facts, *Hall* provides little instruction and even less authority here. Father cites no other precedent prescribing the relief he seeks. Though beyond the scope of his point relied on, Husband also asserts that Wife agreed to waive some amounts of maintenance when Husband was unemployed.

 In response, Wife argues that the trial court was not required to credit Husband for periods of unemployment, and the court properly calculated arrears using the undisputed financial facts before it. Indeed, the amount of arrears ordered payable approximates the figures provided in Husband's own spreadsheet, and a court cannot simply discharge arrears in the face of a judicial admission. *Dawson v. Dawson*, 366 S.W.3d 107 (Mo.App.2012). Although a court may enforce an agreement to discharge past-due amounts by settlement if supported by adequate consideration (*Sagos v. Sagos*, 729 S.W.2d 76, 79 (Mo.App.1987)), the record here contains no such understanding. And to the extent that Husband seeks full credit for partial payments that Wife purportedly accepted as full satisfaction during his unemployment, that theory is unavailing. Accep-

tance of amounts less than owed does not by itself constitute waiver by acquiescence. *Id.* Waiver by acquiescence requires additional equitable circumstances warranting its application in order to avoid injustice. *Foster v. Foster,* 39 S.W.3d 523, 530 (Mo. App.2001). Waiver by acquiescence is an affirmative defense, so the party asserting it bears the burden of proof. *Id.* Husband has not met his burden here.

Simply put, we find no error of law or abuse of discretion in the court's award. As such, we must deny Husband's fourth point.

### Conclusion

The trial court's judgment is affirmed.

ROY A. RICHTER, P.J., and GLENN A. NORTON, J., concur.