Kenneth D. TERRY, Appellant,

v.

Dale E. KORN, Veronica Korn, and
Sheila Lumley, Respondents.

WD 79702

Missouri Court of Appeals,
Western District.

OPINION FILED: MAY 23, 2017

Motion for Rehearing and/or Transfer
to Supreme Court Denied June
29, 2017

Steve Scott, Columbia, MO, Counsel for Appellant.

Curt M. Branson, Columbia, MO, Counsel for Respondents.

Before Division One: James E. Welsh, Presiding Judge, Anthony Rex Gabbert, Judge, Edward R. Ardini, Jr., Judge

Anthony Rex Gabbert, Judge

Kenneth D. Terry ("Terry") appeals the trial court's judgment in a landlord-tenant dispute. Terry, the landlord in the cause, raises five points on appeal. First, he argues that the trial court erred by setting aside a default judgment. Next, Terry alleges that the trial court erred in not awarding rent for the month of August 2015 because the undisputed evidence at trial shows that the rent amount was not

paid and the issue was tried by implied consent. Third, Terry contends that the trial court erred in awarding damages to the Respondents for their forcible entry and detainer claim because the weight of the evidence established abandonment by Respondents. Fourth, Terry argues that the trial court erred in ruling in favor of Respondents on their conversion claim because the weight of the evidence established abandonment. Finally, Terry claims that the trial court erred in awarding damages to Respondents on their conversion of property claim because there was no proof offered to substantiate the damages. Finding no error, we affirm.

## Factual Background

Terry entered into a written lease contract with Respondent Korn on November 4, 2014 concerning the premises located at 409 Duncan Street, Columbia, Missouri. The term of the lease was for six months, dating November 1, 2014 through May 1, 2015. The monthly rent payment was set at $850.00. Respondents paid $800.00 toward the $850.00 security deposit.

Respondents maintained possession of the premises after expiration of the written lease on May 1, 2015, and paid Terry rent for May, June and July of 2015. These payments were accepted by Terry, thereby creating a month to month lease. Respondents failed to make rent payments in both August and September of 2015.

On September 4, 2015, Terry filed a pro se action for Rent and Possession against Respondent Korn. In the filed petition, Terry sought rent in the amount of $850.00 for the month of September 2015 and rent becoming due until the date of the judgment. On September 25, 2015, the court entered a default judgment for possession in favor of Terry.

After obtaining the default judgment, Terry mailed a letter to Respondent Korn. The letter read:

As of today, September 25, 2015, since our court date which you left, we received possession of the house at 409 Duncan. On October 5, 2015, this becomes final and at this point we take full possession of the house and would like to meet with you there on that day between 8 and 10 am to do a walk through to determine if you have returned the house to the condition you received it in. If not, we will discuss what needs to be done to bring the house back to its original condition. Please reply if you have any questions.

The letter was mailed to the 409 Duncan Street address because no forwarding address was provided, but was not received by Respondents.

Under the belief that Respondents had vacated the premises, Terry entered the home at 409 Duncan Street on September 28, 2015 to "check for damages and secure the premises and make sure it was safe until taking final possession." Terry claimed that he observed the entry doors to the house standing wide open and the premises appeared to be vacated with only trash and rotting food left on the premises. Terry proceeded to remove the trash and rotting food from the house and placed it in garbage bags on the porch outside.

At trial, Respondents stated that the trash bags containing rotten food and garbage were placed inside of a van owned by Respondent Lumley that was parked on the property. Respondent Lumley estimated that the value of the van was diminished by $1,000 to $2,000 as a result of the damage from the garbage and rotting food placed inside of the van. Terry denied placing the trash inside of the van.

On September 28, 2015, Terry was told by a Columbia police officer that Respon-

dent Korn did not wish to speak to Terry but that Respondents would completely vacate the premises by October 2, 2015. There was no direct communication between Terry and Respondents.

On October 5, 2015, Terry and two of his associates entered the premises at 409 Duncan Street and began removing, and placing in a dumpster property they considered to be trash. Also on October 5, 2015, Respondent Dale Korn filed, with the court, two hand-written motions to set aside the September 25, 2015 default judgment. The trial court set aside the default judgment for possession on October 5, 2015. A notice of the order setting aside the default judgment was mailed to Terry on October 6, 2015. Terry claims he was not made aware of the order setting aside the default judgment until October 12, 2015.

Respondents Veronica Korn and Sheila Lumley were added as parties and filed responsive pleadings and a counterclaim. Respondents made the following counterclaims: (1) forcible entry and detainer; (2) violation of the security deposit statute; (3) violation of the Missouri Merchandising Practices Act; (4) conversion of personal property located at 409 Duncan Street and (5) trespass to chattel.

The trial court entered final judgment on April 21, 2016 and: (1) awarded Terry two months rent for September and October 2015 at $850.00 per month less the $800.00 security deposit for a total of $900.00; (2) awarded Respondents $850.00 on their forcible entry counterclaim; (3) found in favor of Terry on Count II of Respondents' Counterclaim; (4) found in favor of Terry on Count III of Respondents' Counterclaim; (5) found in favor of Respondents in the amount of $12,158.00 on their conversion of personal property claim and; (6) found in favor of Terry on

Respondents' trespass to chattel counterclaim.

## Standard of Review

The standard of review for a bench-tried civil case is that set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This court will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* "We view the evidence and the reasonable inferences that may be drawn therefrom in the light most favorable to the judgment, disregarding evidence and inferences to the contrary." *Stander v. Szabados*, 407 S.W.3d 73 (Mo. App. 2013).

## Point I

In his first point on appeal, Terry argues that the trial court's decision to set aside the default judgment was erroneous because Respondent Korn's motion did not comply with Rule 74.05(d), because the motion was taken without a hearing, because the motion failed to state facts constituting a meritorious defense, and because the motion failed to show good cause to set aside the default judgment.

Setting aside a default judgment, if ordered within thirty days of rendition of that judgment, is a discretionary act from which no appeal lies. *Obermann v. Obermann*, 701 S.W.2d 162, 164 (Mo. App. 1985). So long as the judgment has not become final, the court may set it aside and there is no appeal from that discretionary act. *Gorman v. Cornwell Quality Tools*, 752 S.W.2d 844, 846 (Mo. App. 1988).

Section 535.030.4, RSMo Cum. Supp. 2015, declares that a tenant defendant in a landlord tenant action has ten days from the date of the judgment to file

a motion to set aside the judgment and, unless the judgment is set aside within ten days, the judgment for possession will become final. Above we reference authority that refers to a thirty day discretionary period before finality of a default judgment on a breach of contract claim. The variance between the length of the discretionary windows is not of significance here, because although the applicable rules differ, the same principles and logic apply. A default judgment was entered by the court on Terry's Petition of Landlord for Recovery of Possession on Non-Payment of Rent on September 25, 2015. At this point in time, the ten day discretionary period between entry of judgment and finality of judgment commenced. Respondent Dale Korn successfully motioned for the default judgment to be set aside within that discretionary period on October 5, 2015. Because the default judgment was not yet final when the trial court set it aside, it was a discretionary act by the trial court from which no appeal lies. Point one is dismissed.

### Point II

Next, Terry argues that even though he failed to plead a claim for unpaid rent for August 2015, the undisputed evidence at trial demonstrated that rent for August 2015 was not paid and therefore, the trial court's final award not including the August 2015 rent value was against the weight of the evidence.

 "This court is primarily concerned with the correctness of the result and not the route taken by the trial court to reach that result." *Pride v. Lewis*, 179 S.W.3d 375, 378 (Mo. App. 2005). "Because of this, the trial court's judgment will be affirmed under any reasonable theory supported by the evidence." *Id.* Further, "[t]o the extent that a judgment goes beyond the pleadings, it is void." *Patz v. Patz*, 412

S.W.3d 352, 357 (Mo. App. 2013). "[I]f evidence that raises issues beyond the scope of the pleadings is relevant to another issue already before the trial court, then failure to object to its admission does not constitute implied consent to amend the pleadings to conform to the new issue." *Heritage Roofing, LLC v. Fischer*, 164 S.W.3d 128, 132 (Mo. App. 2005).

 The record demonstrates that no claim was filed against any of the Respondents for rent due in any month prior to September 2015. Although evidence was presented at trial to establish that rent for the month of August 2015 was not paid on a separate issue, Respondents' failure to object does not constitute implied consent so as to amend Terry's initial pleadings that did not include a claim for unpaid rent prior to September 2015. Further, Terry never requested leave from the trial court to amend his pleadings to conform to the evidence. Viewing the evidence in the light most favorable to the trial court's ruling, the trial court's award is not against the weight of the evidence. Point denied.

### Point III

 In his third point, Terry claims that the trial court erred in finding in favor of Respondents on their claim of detainer and forcible entry because the finding was against the weight of the evidence. Specifically, Korn argues that Respondents abandoned the premises and showed an intent to vacate before the judgment became final, and therefore they no longer had possession of the property when he entered on September 28, 2015 and again on October 5, 2015.

The record on appeal shows that Respondents possessed the leased premises on both dates that Terry entered the 409 Duncan Street property and removed Respondents' personal property without judicial process and court order. Further, by

his own admission, Terry stated at trial that based on his twenty-two years as a landlord, he was very familiar with Missouri statutes and laws concerning landlord rights and responsibilities. Terry also confirmed that although he was well aware that the September 25, 2015, default judgment for possession would not become final until ten days later, he proceeded to enter the premises on September 28, 2015, and then again on October 5, 2015 to remove Respondents' property and check on the condition of the premises. Under Section 441.233, RSMo. 2000, a landlord who removes or excludes a tenant or the tenant's personal property from the premises without judicial process and court order, or causes such removal or exclusion, shall be deemed guilty of forcible entry and detainer. Based on the evidence presented to the trial court and viewing that evidence in the light most favorable to the trial court's ruling, the trial court's award is not against the weight of the evidence. Point denied.

### Point IV

■ Next, Terry argues that the trial court erred by finding in favor of Respondents on their claim for conversion of personal property because the finding was against the weight of the evidence, in that the evidence established that Respondents abandoned the property before Terry entered and he had no notice that the court set aside the default judgment on October 5, 2015.

■ Conversion requires proof that: "(1) the plaintiff owned the property or was entitled to possess it; (2) the defendant took possession of the property with the intent to exercise some control over it; and (3) the defendant thereby deprived the plaintiff of the right to possession." *Herron v. Barnard*, 390 S.W.3d 901, 909 (Mo.

App. 2013) (internal citations and quotation marks omitted).

By Terry's own admission on the record, he entered the premises at 409 Duncan Street absent judicial process or court order terminating Respondents' possessory rights, removed Respondents' personal property, and disposed of the personal property in a roll away dumpster, thereby substantiating the trial court's ruling in Respondents' favor on the conversion claim. In viewing the evidence and any reasonable inferences therefrom in the light most favorable to trial court's judgment, we presume that the trial court found that Respondents were still in possession of the premises at the time of Terry's entries and therefore did not abandon their personal property within. The trial court's finding is not against the weight of the evidence and therefore point four is denied.

### Point V

Finally, Terry asserts that the trial court erred in awarding damages to Respondents for conversion of personal property because the trial court erroneously applied the law applicable to the measure of damages and the award was not supported by substantial evidence.

■ "An owner is presumed competent to testify as to the reasonable value of his personal property prior to its damage or destruction without further qualification." *Sharaga v. Auto Owners Mut. Ins. Co.*, 831 S.W.2d 248, 253 (Mo. App. 1992) (holding that a property owner's opinion on the value of his or personal property constitutes substantial evidence to support the award).

■ Respondent Veronica Korn testified at trial to both the classification and value of the personal property removed and disposed of by Terry. Additionally,

Respondent Veronica Korn testified concerning a list she personally prepared that quantified and assigned value to the personal property removed by Terry, which was admitted into evidence at trial. Respondent Veronica Korn testified that the value of the converted personal property was $36,856.00. Terry offered no objection and did not contest this valuation of damages. We presume that as the owner of the converted personal property, Respondent Veronica Korn was competent to testify as to the reasonable value of the property and we find no error in the trial court's reliance on this testimony. Viewing the evidence in the light most favorable to the trial court's ruling, the trial court's award is not against the weight of the evidence. Point denied.

### Conclusion

We conclude, therefore, that because the September 25, 2015, default judgment was not yet final when the trial judge set it aside, it was a discretionary act by the trial court from which no appeal lies. Terry's first claim on appeal is dismissed. On Terry's second point, we hold that the trial court's net rent award is not against the weight of the evidence. We also find that the trial court's finding in favor of Respondents on their claim for forcible entry and detainer to not be against the weight of the evidence. Further, we find that the trial court's finding in favor of Respondents on their claim of conversion is not against the weight of the evidence. Finally, we rule that the trial court's damages award for the conversion claim is not against the weight of the evidence. We affirm the trial court's judgment.

All concur.